# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **NINGDE AMPEREX TECHNOLOGY, LIMITED** | § § § |
| *Plaintiff,* | § § |
| v. | § Civil Case No. 2:24-cv-728-JRG § § |
| **ZHUHAI COSMX BATTERY CO., LTD.,** | § § § |
| *Defendant.* | § |

# DEFENDANT ZHUHAI COSMX BATTERY CO. LTD.'S
# PARTIAL MOTION TO DISMISS UNDER RULE 12(B)(6)

## TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................ 1

II. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT (L.R. CV-7(A)(1)) ................................................................................................................................ 2

III. FACTUAL BACKGROUND ............................................................................................. 2

    A. ATL's '910 and '131 Patent Pre-Suit Allegations ................................................. 4

    B. ATL's '498 Patent Pre-Suit Allegations ................................................................ 5

    C. ATL's '118 Patent Pre-Suit Allegations ................................................................ 5

IV. LEGAL STANDARDS ....................................................................................................... 5

V. ARGUMENT ........................................................................................................................ 7

    A. The FAC Fails to State Plausible Claims of Pre-Suit Induced Infringement or Willfulness ...................................................................................... 7

        1. Prior Accusations of Infringement of Related Patents Do Not Plausibly Allege Knowledge of the Asserted Patents ................................... 8

        2. Patent Prosecution Proceedings Citing Only to Related Patents Do Not Plausibly Allege Knowledge of the Asserted Patents ........................... 10

        3. The FAC Does Not Plausibly Allege Knowledge of Infringement of the Asserted Patents ...................................................................................... 11

    B. The FAC Fails to State a Plausible Claim for Entitlement to Pre-Suit Damages Due to Failure to Plead Compliance with 35 U.S.C. § 287 ................... 11

VI. CONCLUSION ................................................................................................................. 13

# TABLE OF AUTHORITIES

Page

**CASES**

*Advanced Coding Techs. LLC v. Google LLC*,
   No. 2:24-CV-00353-JRG, 2024 WL 5110058 (E.D. Tex. Dec. 13, 2024) .................................11

*Amsted Indus. Inc. v. Buckeye Steel Castings Co.*,
   24 F.3d 178 (Fed. Cir. 1994) ............................................................................................12, 13

*Anascape, Ltd. v. Microsoft Corp.*,
   No. 9:06-CV-158, 2008 WL 7182476 (E.D. Tex. Apr. 25, 2008) .............................................9

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
   876 F.3d 1350 (Fed. Cir. 2017) ...........................................................................................2, 12

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
   950 F.3d 860 (Fed. Cir. 2020) ................................................................................................12

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .......................................................................................................1, 6, 8

*BelAir Elecs., Inc. v. Twelve South, LLC*,
   No. 2:22-cv-04443-BHH, 2023 WL 6388810 (D.S.C. Sept. 29, 2023) ...................................12

*Commil USA, LLC v. Cisco Sys., Inc.*,
   575 U.S. 632 (2015) ..............................................................................................................6, 7

*Corydoras Techs., LLC v. Apple Inc.*,
   No. 2:16-CV-00538-JRG, 2016 WL 9242435 (E.D. Tex. Nov. 23, 2016) ................................7

*CyboEnergy, Inc. v. Hoymiles Power Elecs. USA, Inc.*,
   No. 2:23-CV-00311-JRG, 2024 WL 1219725 (E.D. Tex. Mar. 20, 2024) ..............................11

*Deckers Outdoor Corp. v. Next Step Grp., Inc.*,
   No. 23-cv-02545 (ALC), 2024 WL 3459609 (S.D.N.Y. July 18, 2024) .................................12

*Diamond Grading Techs. Inc. v. Am. Gem Society*,
   No. 2:14-cv-1161-RWS-RSP, 2016 WL 3902482 (E.D. Tex. Mar. 30, 2016) ..........................9

*DivX, LLC v. Hulu, LLC*,
   No. LACV 21-1615 PSG, 2021 WL 4459368 (C.D. Cal. June 11, 2021) ...............................12

*Dynamic Data Techs., LLC v. Google LLC*,
   No. 19-1529-CFC, 2020 WL3103786 (D. Del. June 11, 2020)..................................................11

*Express Mobile, Inc. v. DreamHost LLC*,
   No. 18-cv-01173-RGA, 2019 WL 2514418 (D. Del. June 18, 2019)........................................13

*Express Mobile, Inc. v. Liquid Web, LLC*,
   No. 1:18-cv-01177-RGA, 2019 WL 1596999 (D. Del. Apr. 15, 2019)......................................13

*Fluidigm Corp. v. IONpath, Inc.*,
   No. C 19-05639 WHA, 2020 WL 408988 (N.D. Cal. Jan. 24, 2020)..........................................9

*Gart v. Logitech, Inc.*,
   254 F.3d 1334 (Fed. Cir. 2001)..................................................................................................12

*Global-Techs. Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011)..........................................................................................................6, 7, 8

*Halo Electronics, Inc. v. Pulse Electronics, Inc.*,
   579 U.S. 93 (2016)......................................................................................................................7

*Lans v. Digital Equip. Corp.*,
   252 F.3d 1320 (Fed. Cir. 2001)..................................................................................................12

*Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*,
   594 F.3d 383 (5th Cir. 2010) .......................................................................................................6

*Meetrix IP, LLC v. Cisco Systems, Inc.*,
   No. 1:18-CV-309-LY, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018) ................................8, 10

*Ortiz & Assoc. Consulting, LLC v. VIZIO, Inc.*,
   No. 3:23-CV-00791-N, 2023 WL 7184042 (N.D. Tex. Nov. 1, 2023) ......................................12

*Parity Networks, LLC v. Cisco Sys., Inc.*,
   No. 6:19-CV-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019)................................7

*Pipp Mobile Storage Sys., Inc. v. Innov. Growers Equip., Inc.*,
   No. 21 C 2104, 2022 WL 157491 (N.D. Ill. Jan. 18, 2022) ......................................................13

*Seoul Semiconductor Co. v. Finelite, Inc.*,
   No. 22-cv-02869-TLT, 2023 WL 7106480 (N.D. Cal. Jan. 27, 2023) ......................................13

*Skinner v. Switzer*,
   562 U.S. 521 (2011)....................................................................................................................6

*State Indus., Inc. v. A.O. Smith Corp.*,
  751 F.2d 1226 (Fed. Cir. 1985)......................................................................................................9

*Sunless, Inc. v. Selby Holdings, LLC*,
  No. 3:20-cv-00930, 2021 WL 3513871 (M.D. Tenn. Aug. 10, 2021).........................................13

*Traxcell Techs LLC v. Google LLC*,
  No. 22-cv-04807-JSC, 2022 WL 17072015 (N.D. Cal. Nov. 17, 2022) .....................................9

**STATUTES**

35 U.S.C. § 271(a) ..........................................................................................................................2

35 U.S.C. § 271(b) .....................................................................................................................3, 6

35 U.S.C. § 287.................................................................................................................2, 12, 13

I.      INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Zhuhai CosMX Battery Co. Ltd. ("CosMX") moves to dismiss Plaintiff Ningde Amperex Technology Limited's ("ATL") claims: (1) alleging indirect and willful infringement based on pre-suit activities; and (2) for pre-suit damages.

*First*, indirect and willful infringement each require the accused infringer to have knowledge of both of the asserted patents and the potential infringement. ATL's allegations do not plausibly establish either. In fact, ATL's First Amended Complaint ("FAC") does not affirmatively claim that CosMX had pre-suit knowledge of the asserted patents *at all*, much less of the alleged infringement. Instead, ATL alleges that CosMX's knowledge of the asserted patents extends "at least as early as the filing of this Complaint, and ***potentially earlier***." *E.g.*, FAC at ¶ 51 (emphasis added). ATL's speculative assertion that CosMX "potentially" had pre-suit knowledge about the asserted patents is the very definition of an allegation that "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

For some asserted patents, the FAC contains no further allegations. For the others, instead of alleging knowledge of the ***asserted*** patents, ATL's FAC contains factual allegations relating to CosMX's knowledge of ***unasserted*** family-member patents. ATL alleges various bases for such knowledge including two notice letters that were sent well before the related asserted patents were even filed, two enforcement actions, and citations to foreign priority documents in a handful of CosMX's foreign patent prosecutions. Courts have been clear that notice only of a related patent, without more, does not plausibly suggest either indirect or willful infringement of an asserted patent.

ATL additionally fails to allege or plead facts sufficient to show critical claim elements that it is required to plead to make out claims for pre-suit induced and willful infringement including pre-suit knowledge of the alleged infringement and, for inducement, an intent to cause a third party to

infringe the asserted patent. ATL's allegations—taken as true—are insufficient to state a plausible claim for relief, and the Court should dismiss all of ATL's claims for pre-suit indirect and willful infringement.

*Second*, the Court should dismiss ATL's claims for any pre-suit damages. In order to collect pre-suit damages, the Federal Circuit has made clear that ATL has the burden "***pleading*** and proving" compliance with the marking statute, 35 U.S.C. § 287. *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017) (emphasis added). The FAC contains no allegations that ATL has complied with § 287. The Federal Circuit has endorsed the dismissal of pre-suit damages claims under Rule 12(b)(6) where the patentee has failed to plead its compliance, and District Courts routinely do so. So too should this Court.

## II.  STATEMENT OF ISSUES TO BE DECIDED BY THE COURT (L.R. CV-7(A)(1))

1. Should ATL's claims for induced and willful infringement based on pre-suit activities be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to plead facts sufficient to make out a plausible claim?

2. Should ATL's claims for pre-suit damages be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to plead compliance with 35 U.S.C. § 287?

## III.  FACTUAL BACKGROUND

On September 6, 2024, ATL filed a Complaint against CosMX, asserting CosMX infringed five patents: U.S. Patent Nos. 11,575,148 ("'148 Patent"); 11,769,910 ("'910 Patent"); 11,799,131 ("'131 Patent"); 10,964,927 ("'927 Patent"); and 11,923,498 ("'498 Patent"). Dkt. 1 at ¶ 1. On November 22, 2024, ATL filed a First Amended Complaint ("FAC") asserting infringement of the same five patents and added U.S. Patent No. 12,015,118 (the "'118 Patent") (collectively "the Asserted Patents"). Dkt. 12 at ¶ 1. The FAC claims that CosMX directly infringes each of the Asserted Patents under 35 U.S.C. § 271(a) (FAC at ¶¶ 36, 49, 62, 75, 88, 101) and induces

infringement of each of the Asserted Patents under 35 U.S.C. § 271(b) (FAC at ¶¶ 39, 52, 65, 78, 91, 104). The FAC accuses CosMX of willfully infringing the '148, '910, '131,'927, and '498 Patents.

For four of the Asserted Patents (the '910, '131, '498, and '118 Patents), the FAC alleges that CosMX had knowledge of the patents "at least as early as the filing of this Complaint, and potentially earlier." FAC at ¶¶ 51, 64, 90, 103. For the remaining two patents (the '148 and '927 Patents), the FAC alleges only that CosMX had knowledge of the patents "at least as early as the filing of this Complaint." FAC at ¶¶ 38, 77.

For the '910, '131,'498, and '118 Patents, the FAC alleges two categories of facts in ostensible support of CosMX's "potential" pre-suit knowledge: (1) letters containing notices of infringement for three *unasserted* ATL patents and related litigation and (2) CosMX's citation in a handful of foreign patent prosecutions to three *unasserted* ATL Chinese patent documents during the prosecution of a handful of CosMX's foreign patent applications. FAC at ¶¶ 51, 64, and 90. But the FAC does not conclude from these factual allegations that CosMX had pre-suit knowledge of any of the *Asserted* Patents or of any alleged infringement of the *Asserted* Patents. Instead, the FAC concludes that CosMX had pre-suit knowledge of "***ATL's invention[s]*** claimed in the ['910, '131, '498, and '118] Patent[s]." FAC at ¶¶ 51, 64, 90 and 103. (emphasis added). ATL therefore does not affirmative (or plausibly) allege that CosMX had any pre-suit knowledge of the Asserted Patents or, by extension, pre-suit knowledge of infringement of the Asserted Patents.

As detailed further below, the FAC's insufficient pre-suit allegations for each patent can be summarized as follows:

| Asserted Patent | Allegations |
|---|---|
| '148 | • None |
| '910 | • Notice letter for related patent<br>• Litigation of related patents<br>• Foreign prosecution citing related patent |

| Asserted Patent | Allegations |
|---|---|
| '131 | • Notice letter for related patent<br>• Litigation of related patents<br>• Foreign prosecution of related patent |
| '927 | • None |
| '468 | • Notice letter for related patent<br>• Foreign prosecution citing related patent |
| '118 | • Foreign prosecution citing related patent |

### A. ATL's '910 and '131 Patent Pre-Suit Allegations

ATL's allegations that CosMX had pre-suit knowledge of "ATL's inventions" claimed in the '910 and '131 Patents are identical. The '910 Patent issued on September 26, 2023, and the '131 Patent issued on October 4, 2023, and they purport to be cousins in a chain of continuation applications. The FAC alleges that on August 2, 2022, ATL sent a notice of infringement to CosMX accusing CosMX of infringing U.S. Patent No. 10,833,363 (the '363 Patent). FAC at ¶¶ 51, 64. According to the continuity data on the face of the patents, the '363 Patent is the great-grandparent of the '910 Patent, and the grandparent of the '131 Patent. The FAC also alleges that on February 9, 2024, a United States jury rendered a verdict in a separate proceeding filed in June 2022 finding that CosMX had infringed the '363 patent, and on March 13, 2024, a German court found that CosMX had infringed a related European Patent. *Id.* Finally, the FAC alleges that CosMX cited the Chinese Patent to which the '940, '131, and '363 patents all ultimately claim priority (CN 109301326B) in the prosecution of one of CosMX's own Chinese patent applications (CN201911144466.8) (FAC at ¶¶ 51, 64), which (as indicated by the application number) was filed in 2019, more than a year before the filing dates of the '910 or '131 Patents. ATL did not (and cannot) allege that the '910 and '131 Patents were cited during CosMX's prosecution of CN201911144466.8 or had even been filed.

### B. ATL's '498 Patent Pre-Suit Allegations

The '498 patent was filed on May 17, 2022, and issued on March 5, 2024. The FAC alleges that on June 24, 2021, ATL sent a letter to CosMX accusing CosMX of infringing U.S. Patent No. 10,541,441 ("the '441 patent"). FAC at ¶ 90. According to the face of the '498 Patent, the '441 patent is the great-grandparent of the '498 patent. The FAC also alleges that CosMX cited the Chinese Patent to which the '498 and '441 patents claim priority (CN203733894U) in the prosecution of three of CosMX's own Chinese patent applications and one related PCT application.[1] *Id.* As indicated by the application numbers, all three of the cited CosMX Chinese patent applications were filed in 2021 or earlier, all prior to the filing of the '498 patent. ATL did not (and cannot) allege that the '498 patent was cited during CosMX's prosecution of the applications ATL identified or had even been filed.

### C. ATL's '118 Patent Pre-Suit Allegations

The '118 Patent issued on June 18, 2024. The face of the '118 Patent indicates that it claims priority to a Chinese patent application. The FAC alleges that prior to ATL filing the Complaint in this case, CosMX cited this ATL patent application[2] during the prosecution of seven of CosMX's Chinese patents. FAC at ¶ 103. ATL did not allege that the '118 Patent was cited during CosMX's prosecution of any of these seven patents.

## IV. LEGAL STANDARDS

Rule 12(b)(6) requires that a complaint contain sufficient factual matter, if accepted as true, to "'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this standard, the plaintiff must plead "factual

---

[1] The identified CosMX applications are CN 201910736498.0, CN 202123048902.7, CN 202123044013.3, and PCT/CN2022/13668.
[2] The FAC incorrectly identifies CN 109004170A as a patent.

5

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Id.* This requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Nor does tendering "naked assertion[s]" devoid of "further factual enhancement." *Id.* In resolving a motion to dismiss for failure to state a claim, the question is "not whether [the plaintiff] will ultimately prevail, . . . but whether [the] complaint was sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 529–30 (2011). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678).

To allege induced infringement, the plaintiff must plead specific facts sufficient to show that the accused infringer had actual knowledge of the patents-in-suit, or was willfully blind to the existence of the patents-in-suit. *Global-Techs. Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766, 769 (2011) ("[I]nduced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement" or at least "willful blindness" to the likelihood of infringement.); *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015) ("Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement."). A showing of willful blindness requires that "(1) [t]he defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact." *Global-Techs.*, 563 U.S. at 769.

Similarly, to allege willful infringement, the plaintiff must plausibly allege the "subjective willfulness of a patent infringer, intentional or knowing." *Halo Electronics, Inc. v. Pulse Electronics,*

6

*Inc.*, 579 U.S. 93, 105 (2016). This requires a plaintiff to allege facts plausibly showing that the accused infringer: "(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019). Thus, a claim for willful infringement requires plausible allegations that the accused infringer *both* knew of the asserted patents and knew, or should have known of, the alleged infringement. *See id*.

V.  **ARGUMENT**

   A.  **The FAC Fails to State Plausible Claims of Pre-Suit Induced Infringement or Willfulness**

Both induced and willful infringement require pleading (1) notice of an asserted patent at the time of the purportedly infringing conduct and (2) notice of infringement. *Global-Techs. Appliances*, 563 U.S. 754 at 766; *Commil*, 575 U.S. 632 at 639. ATL failed to plead sufficiently facts to plausibly allege either for any of the Asserted Patents.

For two of the Asserted Patents (the '927 and '148 Patents), the earliest date by which ATL contends CosMX became aware of the Asserted Patents was "as early as the filing of the Complaint." The FAC indisputably fails to allege pre-suit notice of these two patents therefore cannot state a claim for pre-suit induced infringement.[3] *See Corydoras Techs., LLC v. Apple Inc.*, No. 2:16-CV-00538-JRG, 2016 WL 9242435, at *2 (E.D. Tex. Nov. 23, 2016) (dismissing claims for pre-suit indirect infringement where there was no allegation of pre-suit knowledge).

For the '910, '131, '468, and '118 Patents, ATL makes no contention that CosMX was willfully blind to the existence of the Asserted Patents or potential infringement; it did not allege CosMX had a subjective belief that there was a high probability of the patents' existence or

---

[3] The FAC does not assert willfulness claims for either the '927 or '148 patents.

7

infringement, nor did it allege that CosMX took deliberate steps to avoid learning of such facts. *Global-Techs. Appliances*, 563 U.S. at 769. ATL's factual allegations—at best—claim that ATL had actual knowledge of ATL patents *related* to the Asserted Patent, not the Asserted Patents or their ultimate claims. Regardless of the form of alleged notice, factual contentions plausibly suggesting actual knowledge only of *related* patents or of the claimed "invention" do not state a claim for pre-suit relief. ATL's "naked assertion" that CosMX *potentially* had pre-suit knowledge of the Asserted Patents is devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678.

### 1. Prior Accusations of Infringement of Related Patents Do Not Plausibly Allege Knowledge of the Asserted Patents

Prior accusations of infringement of family-member patents do not suffice to plausibly allege pre-suit notice for induced or willful infringement as "it is a patent's *claims* that put potential infringers on notice, not the specification." *Meetrix IP, LLC v. Cisco Systems, Inc.*, No. 1:18-CV-309-LY, 2018 WL 8261315, at *2 (W.D. Tex. Nov. 30, 2018) (emphasis in original). For each of the '910, '131, and '468 patents, the FAC alleges that CosMX had pre-suit knowledge of family member patents by way of two notice letters that were sent on June 24, 2021 (for the '468 Patent's family member) and August 2, 2022 (for the '910 and '131 Patents' family member). Neither of these letters accused CosMX of infringing the '910, '131, or 468 Patents. Indeed, that would not have been possible; the applications leading to the '910, and '131, and '468 Patents had *not even been filed* at the time those notice letters were sent. While the Asserted Patents may share specifications with the earlier-noticed patents, as the Federal Circuit explained, "[w]hat the scope of claims in patents that do issue will be is something totally unforeseeable." *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) ("[t]o willfully infringe *a patent*, the patent must exist and one must have knowledge of it.").

The notice letters cited in the FAC therefore do not plausibly allege knowledge, either for indirect or willful infringement of the Asserted Patents. *See Fluidigm Corp. v. IONpath, Inc.*, No. C 19-05639 WHA, 2020 WL 408988, at *3 (N.D. Cal. Jan. 24, 2020) (dismissing indirect infringement claims where alleged notice was based on a "citation to an old relative of the two [asserted patents]" as "Defendant could not have divined the *eventual* issuance of the two patents *eight-years later*" (emphasis in original)); *Diamond Grading Techs. Inc. v. Am. Gem Society*, No. 2:14-cv-1161-RWS-RSP, 2016 WL 3902482, at *2 (E.D. Tex. Mar. 30, 2016) (dismissing willfulness claim, finding that "[a]bsent an allegation that Defendants were on notice of the [reissue] Patent, Defendants cannot be said to have 'received notice of the patent-in-suit….The existence of the [reissue] Patent and the scope of the [reissue] Patent's claims are not facts that can be ascertained merely from notice of the original [] patent" (citation omitted)); *Anascape, Ltd. v. Microsoft Corp.*, No. 9:06-CV-158, 2008 WL 7182476, at *3 (E.D. Tex. Apr. 25, 2008) ("All of Mr. Armstrong's communications with Defendants involve patents other than the [asserted] patent or the [asserted] patent *application*….Against this factual background, there can be no pre-suit willful infringement." (emphasis in original)).

For the '910 and '131 Patents, ATL also points to litigations in the United States and Germany in which ATL accused CosMX of infringing the '363 and another foreign patent that was part of the same patent family. But litigation of related patents does not plausibly state a claim for relief any more than ATL's notice letters asserting related patents do. *See Traxcell Techs LLC v. Google LLC*, No. 22-cv-04807-JSC, 2022 WL 17072015, at *5 (N.D. Cal. Nov. 17, 2022) (finding litigation involving a related patent from the same patent family, including a lengthy deposition on the patentee's technology, insufficient to infer knowledge of a later-issued patent, dismissing claims of pre-suit indirect infringement).

The FAC's references to prior charges of infringement of only related patents therefore do not sufficiently allege facts to plausibly allege pre-suit knowledge of the Asserted Patents.

### 2. Patent Prosecution Proceedings Citing Only to Related Patents Do Not Plausibly Allege Knowledge of the Asserted Patents

For each of '910, '131, '428, and '118 Patents, ATL alleges that CosMX had notice of the "inventions" claimed in the Asserted Patents because a handful of CosMX's foreign patent filings citied ATL's related Chinese patents or patent applications to which each of the four Asserted Patents claim priority. FAC. ¶¶ 51, 64, 90, 103. But mere citation of asserted patents during prosecution activity is insufficient to put the defendant on notice of the Asserted Patents. For example, in *Core Optical Techs., LLC v. Nokia Corp.*, the court dismissed claims of indirect infringement even though the plaintiff argued that the defendant owned "six separate U.S. patents against which the [asserted patent] was cited as prior art during prosecution" finding that despite the patent citations, the allegations did "not give rise to the plausible inference that [defendants] had pre-suit knowledge of the" asserted patent. No. SA CV19-02190 JAK (RAOx), 2020 WL 6126285, at *6–7 (C.D. Cal. Oct. 8, 2020). Here, it is not even the ***Asserted*** Patents that ATL alleges CosMX cited in prosecuting its patents. ATL cites Chinese patents that are merely related to the Asserted Patents, and its allegations therefore fail to plausibly state a claim for relief for the same reasons its other "notice" allegations of unasserted patents fail. Citation of a related patent, even one in a direct chain of priority, is simply insufficient to plausibly allege knowledge of the Asserted Patents. *See Meetrix*, 2018 WL 8261315 at *2 (finding that even though the "parent application of the Asserted Patents was cited in the course of" five defendant-owned patents, defendant's "prosecution activity is too attenuated to plausibly infer that [defendant] had pre-suit knowledge of the Asserted Patents").

10

### 3. The FAC Does Not Plausibly Allege Knowledge of Infringement of the Asserted Patents

Even assuming *arguendo* that it is plausible that CosMX somehow had pre-suit knowledge of the Asserted Patents, the FAC must still "contain plausible allegations that [CosMX] would then have known that [it was] *infringing* each of the patents-in-suit." *Dynamic Data Techs., LLC v. Google LLC*, No. 19-1529-CFC, 2020 WL3103786, at *1 (D. Del. June 11, 2020) (emphasis in original) (adopting Report and Recommendation to dismiss pre-suit claims for indirect infringement and willfulness). It is not sufficient at the pleading stage to collapse knowledge of infringement into mere knowledge of the patents. But the FAC makes no claim and pleads no facts that plausibly allege CosMX had pre-suit knowledge of infringement of any of the Asserted Patents. Nor, by extension, did the FAC plead facts that plausibly allege that CosMX had specific intent to induce *infringement* by third parties.

\*   \*   \*

ATL has failed to allege facts plausibly suggesting either pre-suit knowledge of the Asserted Patents or of the alleged infringement, which it was required to plead in order to state a claim for pre-suit indirect infringement or willfulness. Accordingly, the Court should dismiss these claims. *See Advanced Coding Techs. LLC v. Google LLC*, No. 2:24-CV-00353-JRG, 2024 WL 5110058, at *2, 4 (E.D. Tex. Dec. 13, 2024) (dismissing pre-suit claims for indirect infringement and willfulness for failure to sufficiently allege pre-suit knowledge of the Asserted Patents); *CyboEnergy, Inc. v. Hoymiles Power Elecs. USA, Inc.*, No. 2:23-CV-00311-JRG, 2024 WL 1219725 at *6–7 (E.D. Tex. Mar. 20, 2024) (same).

### B. The FAC Fails to State a Plausible Claim for Entitlement to Pre-Suit Damages Due to Failure to Plead Compliance with 35 U.S.C. § 287

The Court should dismiss ATL's claims for pre-suit damages because ATL failed to plead compliance with the marking statute, 35 U.S.C. § 287. If a patentee "makes or sells a patented article

11

and fails to mark in accordance with § 287, the patentee cannot collect damages until it either begins providing notice or sues the alleged infringer—the ultimate form of notice—and then only for the period after notification or suit has occurred." *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 950 F.3d 860, 864 (Fed. Cir. 2020). A patentee who makes or sells patented articles can satisfy the notice requirement of § 287 either by providing constructive notice—i.e., marking its products—or by providing actual notice to an alleged infringer. *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1345 (Fed. Cir. 2001). "Actual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device." *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994).

"The patentee bears the burden of pleading and proving he complied with § 287(a)'s marking requirement." *Arctic Cat.*, 876 F.3d at 1366. The Federal Circuit has endorsed the use of Rule 12(b)(6) motions to dismiss pre-suit damages claims when compliance with § 287 is not sufficiently pled. *See Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1326–28 (Fed. Cir. 2001) (affirming district court's Rule 12(b)(6) dismissal of pre-suit damages). And District Courts around the country routinely dismiss claims for pre-suit damages where the patentee has failed to plead compliance with the marking statute. *See, e.g.*, *DivX, LLC v. Hulu, LLC*, No. LACV 21-1615 PSG (DFM), 2021 WL 4459368, at *3-6 (C.D. Cal. June 11, 2021) (relying on *Lans* and holding that "a patentee must plead compliance with 35 U.S.C. § 287(a) to properly plead pre-suit patent infringement damages").[4]

---

[4] *See also Deckers Outdoor Corp. v. Next Step Grp., Inc.*, No. 23-cv-02545 (ALC), 2024 WL 3459609, at *6–7 (S.D.N.Y. July 18, 2024); *Ortiz & Assoc. Consulting, LLC v. VIZIO, Inc.*, No. 3:23-CV-00791-N, 2023 WL 7184042 (N.D. Tex. Nov. 1, 2023); *BelAir Elecs., Inc. v. Twelve South, LLC*, No. 2:22-cv-04443-BHH, 2023 WL 6388810, at *5 (D.S.C. Sept. 29, 2023); *Seoul Semiconductor Co. v. Finelite, Inc.*, No. 22-cv-02869-TLT, 2023 WL 7106480, at *3 (N.D. Cal. Jan. 27, 2023); *Pipp Mobile Storage Sys., Inc. v. Innov. Growers Equip., Inc.*, No. 21 C 2104, 2022 WL 157491, at *2–3 (N.D. Ill. Jan. 18, 2022); *Sunless, Inc. v. Selby Holdings, LLC*, No. 3:20-cv-00930, 2021 WL 3513871, at *4-5 (M.D. Tenn. Aug. 10, 2021); *Express Mobile, Inc. v. DreamHost LLC*, No. 18-cv-01173-RGA, 2019 WL 2514418, at *2 (D. Del. June 18, 2019).

Failure to sufficiently plead compliance with § 287 warrants dismissal "even when compliance [with § 287] is achieved, factually, by doing nothing at all." *Express Mobile, Inc. v. Liquid Web, LLC*, No. 1:18-cv-01177-RGA, 2019 WL 1596999, at *2 (D. Del. Apr. 15, 2019).

ATL did not plead compliance with § 287. ATL did not plausibly allege actual pre-suit notice of any Asserted Patent because it failed to identify any "affirmative communication of a specific charge of infringement by a specific accused product or device." *Amsted Indus.*, 24 F.3d 187. It did not plausibly allege constructive notice because it failed to claim that any of its products were marked in compliance with the requirements of § 287. And it did not allege that it was not required to mark under § 287. The Court should therefore dismiss ATL's claims for pre-suit damages for failure to plead compliance with the marking statute.

## VI.   CONCLUSION

Because ATL's FAC (1) failed to allege facts to make out a plausible claim for induced or willful patent infringement for pre-suit conduct and (2) failed to plead compliance with 35 U.S.C. § 287 to establish entitlement to pre-suit damages, CosMX respectfully requests that the Court dismiss these claims under Rule 12(b)(6).

| | |
|---|---|
| Dated: January 20, 2025 | /s/ *Michael C. Hendershot* |
| | Michael C. Hendershot |
| | **JONES DAY** |
| | 1755 Embarcadero Road |
| | Palo Alto, CA 94303 |
| | Phone: 650.739.3940 |
| | mhendershot@jonesday.com |
| | |
| | Blaney Harper |
| | **JONES DAY** |
| | 2727 N Harwood Street |
| | Dallas, TX 75201-1515 |
| | Phone: 202.969.3725 |
| | bharper@jonesday.com |
| | |
| | Melissa Richards Smith |
| | SBN: 24001351 |
| | **GILLIAM & SMITH LLP** |
| | 303 South Washington Ave |
| | Marshall, TX 75670 |
| | Phone: 903.934.8450 |
| | melissa@gillamsmithlaw.com |
| | |
| | *Attorneys for Defendant,* |
| | *Zhuhai CosMX Battery Co. Ltd.* |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 20, 2025, the foregoing Partial Motion to Dismiss was filed electronically with the Clerk of the Court for the United States District Court for the Eastern District of Texas using the Court's Electronic Case Filing System, which will send notification to all attorneys of record in this case.

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

>  */s/ Michael C. Hendershot*
>  Michael C. Hendershot
>  *Counsel for Defendant*
>  *Zhuhai CosMX Battery Co., Ltd.*