IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NINGDE AMPEREX TECHNOLOGY LIMITED,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>ZHUHAI COSMX BATTERY CO., LTD.,<br><br>　　　　Defendant. | Civil Action No.: 2:24-cv-0728-JRG<br><br>Honorable Judge Gilstrap<br><br>Jury Trial Demanded |

## JOINT MOTION FOR ENTRY OF DOCKET CONTROL ORDER

Pursuant to the Court's Order dated December 10, 2024 (Dkt. No. 18), Plaintiff Ningde Amperex Technology Limited and Defendant Zhuhai CosMX Battery Co., Ltd. have met and conferred and hereby file this Joint Motion for Entry of Docket Control Order.

Dates in the attached Docket Control Order track the Court's Sample Docket Control Order and are agreed-to by the parties, with the only two exceptions being: (1) Defendant's deadline to comply with P.R. 3-3 & 3-4 (Invalidity Contentions) and (2) Defendant's deadline to comply with the Standing Order Regarding Subject-Matter Eligibility Contentions.

Defendant submits that these deadlines should be extended by 28 days, from March 5, 2025 to April 1, 2025. Plaintiff opposes. The parties provide their respective positions regarding Defendant's proposed extension below.

***Defendant's position.*** Defendant respectfully requests that good cause supports extending the deadline for Defendant's invalidity contentions be extended by 28 days, from March 5, 2025 to April 1, 2025. Defendant's proposed extension does not impact the schedule that this Court set for the *Markman* hearing and trial. And, as this Court may recall, this Court

extended the same deadlines by the same period of time in the previous case between the parties. *See Ningde Amperex Technology Ltd. v. Zhuhai CosMX Battery Co. Ltd., et al.*, No. 2:22-CV-0232-JRG, Dkt. No. 60 (E.D. Tex. Dec. 12, 2022). For similar reasons, good cause supports extending these deadlines in this case. In fact, this case presents even more compelling reasons to extend these deadlines than the previous case. For example, this case involves more asserted patents (6) and asserted claims (90). Likewise, this case also implicates a substantial number of relevant prior art products for each patent that will require significant time for identification, acquisition, testing, and analysis.

Moreover, the proposed 28-day extension would not prejudice Plaintiff. To the contrary, Defendant's proposed extension benefits Plaintiff compared to the schedule that Plaintiff agreed to in the previous case. Specifically, in the proposed Docket Control Order, the parties have agreed to comply with P.R. 4-1 (Exchange Proposed Claim Terms) on September 9, 2025. Thus, Defendant's proposed 28-day extension gives Plaintiff 161 days between the deadline for invalidity contentions and the deadline for exchanging claim terms. In the previous case, Plaintiff agreed to about half as much time (82 days) between the same deadlines. *Ningde Amperex Technology Ltd. v. Zhuhai CosMX Battery Co. Ltd., et al.*, No. 2:22-CV-0232-JRG, Dkt. No. 53 at 4 (E.D. Tex. Dec. 12, 2022). Plaintiff cannot claim to be prejudiced by having nearly twice as much time between the same deadlines as compared to what Plaintiff willingly accepted in the previous case. Plaintiff complains that Defendant waited too long to seek an extension of time, but Defendant raised this issue in the first communication the parties had about the DCO. As to Plaintiff's service of its infringement contentions, Plaintiff charted only three products—the same three products that it purportedly tore down and tested before filing its Complaint in this matter.

***Plaintiff's position.***  Plaintiff opposes Defendant's request for an extension of the deadlines for Defendant to serve its invalidity contentions.  First, Plaintiff has already met its preliminary contention obligations on time and without extension.  On January 7, 2025, Plaintiff served its P.R. 3-1 Disclosure of Asserted Claims and Infringement Contentions in this matter.  *See* Dkt. No. 20.  Second, Defendant did not seek an extension of the invalidity contention deadline before Plaintiff served its P.R. 3-1 disclosures.  Had it done so, Plaintiff could have considered a reciprocal agreement, such that the parties would have been similarly situated with respect to an extension of respective dates for service of contentions (as is common practice).  Third, while Defendant contends that six asserted patents and 90 claims is a large number, Plaintiff was able serve its infringement contentions without extension, and there is nothing out of the ordinary about the number of asserted claims at this stage of the litigation.  Notably, Defendant fails to mention that it has been able to locate prior art and file IPR petitions on nearly all asserted patents and claims (see below). Fourth, while Defendant claims that this case involves "a substantial number of relevant prior art products for each patent that will require significant time for identification, acquisition, testing, and analysis," it has failed to identify any specific system art requiring more time to analyze than the Court envisioned when it proposed the default schedule.  Indeed, Defendant has been on notice of this litigation since at least September 6, 2024, when Plaintiff filed the Complaint.  Dkt. No. 1.  Defendant has already had five months to assemble the "relevant prior art products," and has another month to finalize its initial invalidity contentions.  Defendant has not articulated any reason why six months is inadequate to marshal its prior art products.   Fifth, Defendant points to the extension granted in a prior litigation between these parties, but there, the timeline of events was markedly different.  A new law firm came into the case to litigate the patent claims only a month before the

scheduling conference, and the parties exchanged an extension of the defendant's invalidity contentions deadline for an extension of the plaintiff's initial disclosures deadline. <u>Sixth</u>, Plaintiff will be prejudiced by the proposed extension because the P.R. 3-4 invalidity contentions deadlines also set the date for Defendant to produce documents "sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its P. R. 3-1(c) chart" its contentions depend upon.  This case will implicate hundreds of accused products, all of which are manufactured in China. The accompanying technical documents are in Chinese and will be voluminous. Plaintiff needs the time allocated in the current schedule to effectively analyze those documents and, if necessary, challenge their sufficiency and, if further necessary, seek and obtain additional samples to reverse engineer the relevant products.  Plaintiff will be thus be directly prejudiced if it loses the month that Defendant requests be added to the P.R. 3-4 deadline. <u>Seventh</u>, Defendant's argument implies that it needs more time to prepare its invalidity case, but if that is true, it is the result of Defendant's own choices.  In the last few months, Defendant has filed a litany of petitions seeking *Inter Partes* Review of the patents Plaintiff asserts against Defendant in this action.  *See* IPR2025-00405 (filed January 3, 2025); IPR2025-00432 (filed January 10, 2025); IPR2025-00389 (filed January 15, 2025); IPR2025-00385) filed January 16, 2025); IPR2025-00431 (filed January 28, 2025) (collectively, the "IPR proceedings").  Defendant may have made a strategic decision to focus its efforts on PTAB proceedings, and attempt to maximize its chances for institution, but that should not entitle it to unwarranted extra time here.  Plaintiff will be prejudiced in the IPR proceedings if the Court grants Defendant its requested extension because under the *Fintiv* factors, which the PTAB considers when making its institution decision, the key inquiry is whether the parallel proceedings have progressed.  *See Apple Inc. v. Fintiv, Inc.*, No. IPR2020-00019, 2020 WL

2126495, at *3 (P.T.A.B. Mar. 20, 2020). Defendant seeks delay here to better its position in the IPR proceedings and to Plaintiff's detriment, and thus Plaintiff opposes.

*   *   *

Accordingly, the parties respectfully request that the Court resolve their dispute concerning whether the deadline for Defendant's invalidity contentions should be extended from March 5, 2025 to April 1, 2025, and enter the Proposed Docket Control Order, attached hereto as Exhibit A.

DATED: February 4, 2025

Respectfully submitted,

By: */s/ Michael D. Powell*
Michael D. Powell
California Bar No. 202850
QUINN EMANUEL URQUHART & SULLIVAN LLP
mikepowell@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Lance Yang
California Bar No. 260705
QUINN EMANUEL URQUHART & SULLIVAN LLP
lanceyang@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

G. Blake Thompson
State Bar No. 24042033
Blake@TheMannFirm.com
MANN | TINDEL | THOMPSON
112 E. Line Street, Suite 304
Tyler, Texas 75702
(903) 657-8540
(903) 657-6003 (fax)

*Attorneys for Plaintiff Ningde Amperex Technology Limited*

By: */s/ Michael C. Hendershot*
Michael C. Hendershot
**JONES DAY**
1755 Embarcadero Rd
Palo Alto, CA 94303
Phone: 650.739.3939
mhendershot@jonesday.com

Blaney Harper
**JONES DAY**
2727 N Harwood Street
Dallas, TX 75201-1515 Phone: 202.969.3725
bharper@jonesday.com

Melissa Richards Smith
SBN: 24001351
**GILLIAM & SMITH LLP**
303 South Washington Ave
Marshall, TX 75670
Phone: 903.934.8450
melissa@gillamsmithlaw.com

*Attorneys for Defendant,
Zhuhai CosMX Battery Co. Ltd.*

6

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on February 4, 2025, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                                               */s/ Michael D. Powell*

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for Plaintiff has met and conferred with counsel for Defendant, and both Parties have agreed to the proposed order submitted herewith.

                                                               */s/ Michael D. Powell*