IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NINGDE AMPEREX TECHNOLOGY, LIMITED, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 2:24-CV-00728-JRG |
| ZHUHAI COSMX BATTERY CO., LTD., | § § § | |
| Defendant. | § § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Compel CosMX to Produce Technical Documents for Products Reasonably Similar to the Accused Products and to Supplement its Response to Interrogatory No. 1 (the "Motion to Compel") filed by Plaintiff Ningde Amperex Technology Limited ("ATL"). (Dkt. No. 44.) Having considered the Motion to Compel, the Court finds that it should be **DENIED**.

**I.     ANALYSIS**

ATL moves to compel Defendant Zhuhai CosMX Battery Co. Ltd. ("CosMX") to (1) produce documents related to reasonably similar products and (2) supplement its interrogatory response regarding the identification of all products that are shipped directly to the U.S. and/or are qualified for eventual importation into the U.S. (Dkt. No. 44 at 1.)

**A.     Document Production**

ATL argues that CosMX is improperly limiting discovery to the specific products ATL charted in its infringement contentions. (Dkt. No. 44 at 3-4.) ATL asserts that "[t]o aid CosMX in finding the relevant products, ATL's letter identified with specificity the key features that ATL

believed are 'sufficiently determinative of reasonable similarity for the purposes of defining the proper scope of discovery.'" (*Id.* at 3.) ATL asserts that "although CosMX states that it has 'agreed' to provide all of this information, it has failed to provide a date certain for when it intends to fulfill its obligations." (*Id.* at 5.) ATL requests that the Court order CosMX to produce the requested documents within fourteen days of the Court's Order. (*Id.*)

CosMX responds that ATL's complaints are unfounded because "CosMX has produced, and continues to produce, responsive documents." (Dkt. No. 49 at 5-6.) CosMX asserts that despite ATL's contention that it has provided information sufficient to identify what products are reasonably similar, ATL's "table of supposed 'key features' merely parrots the claim language," which is deficient under the Court's Local Rules. (*Id.*) CosMX asserts that it "has produced thousands of technical documents relating to hundreds of products—including, as ATL itself acknowledges (albeit buried in a footnote), a production on May 15 that ***ATL had not reviewed even by the time it filed its Motion over a week later***." (*Id.* at 6 (emphasis in original).) CosMX also asserts that it made another substantial document production on June 5. (*Id.* at 4, 6.)

The Court agrees that ATL's Motion to Compel is premature and not ripe for Court intervention. As ATL acknowledges, eight days before filing the Motion to Compel, CosMX produced documents relating to representative products, and ATL had not yet reviewed the document production before filing the Motion to Compel. (Dkt. No. 44 at 1, n.1.) The Local Rules state that "a request for court intervention is not appropriate until the participants have met and conferred, in good faith, and concluded, in good faith, that the discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve." Local Rule CV-7(h). ATL cannot have reasonably concluded, in good faith, that there was an open issue for the Court to resolve concerning CosMX's document production when it admittedly had not reviewed CosMX's recent

document production. Further, the Court does not believe that the parties engaged in a good faith meet and confer before ATL filed the Motion to Compel.

Accordingly, the Court **DENIES WITHOUT PREJUDICE** ATL's request to compel CosMX to produce documents. To the extent ATL believes an issue still exists that requires Court intervention, ATL can seek relief after it reviews CosMX's document productions and meaningfully meets and confers with CosMX in compliance with the Local Rules.

B.   **Interrogatory Responses**

ATL argues that despite receiving its infringement contentions three months ago, CosMX has not supplemented its responses to ATL's interrogatories. (Dkt. No. 44 at 4-5.) ATL asserts that Interrogatory No. 1 asks CosMX to "identify all LIBs imported directly to the U.S. and/or all LIBs that are capable of being imported into the U.S."[1] (*Id.*) ATL asserts that "[t]his list is critical to ATL's confirmation of whether CosMX's production of technical documents is comprehensive and to test whether CosMX is improperly withholding technical documents for LIBs that are reasonably similar to the charted products." (*Id.* at 5.) ATL requests that the Court order CosMX to supplement its interrogatory response within fourteen days of the Court's Order. (*Id.*)

CosMX responds that ATL mischaracterizes its Interrogatory No. 1. (Dkt. No. 49 at 7.) CosMX argues that Interrogatory No. 1 is overly broad in seeking the identification of "all LIB Products." (*Id.*) CosMX asserts that "[d]ue to ATL's failure to provide sufficient specificity, CosMX has worked to identify products 'reasonably similar' to the three accused [products], and is diligently working to update its response to Interrogatory No. 1." (*Id.*)

The Court agrees that ATL's Interrogatory No. 1 is overly broad. ATL's Interrogatory No. 1 requests CosMX to:

> Identify (i) ***all LIB Products*** You have offered for sale, sold, or otherwise delivered

---

[1] "LIB" refers to lithium-ion battery products. (*E.g.*, Dkt. No. 44 at 1.)

3

to any Person in the United States on or after March 30, 2021, and (ii) ***all LIB Products*** You have offered for sale, sold, or otherwise delivered to any Person anywhere in the world on or after March 30, 2021, which, based on Your knowledge, are reasonably capable of being incorporated into an electronic device manufactured, used, offered for sale, sold, imported, or otherwise distributed in the United States, including but not limited to ***all LIB Products*** made and/or sold by You for which You or Your customers have certified compliance with U.S. standards and regulations. Your response should identify, separately for each product, the internal and external model or product number, name, trademark, and/or other designation used to refer to the product, and identify any witnesses knowledgeable about the subject matter of the interrogatory and the relevant information known to each such witness.

(Dkt. No. 49-3 (emphasis added).) While ATL is entitled to discovery of products that are reasonably similar to those charted in ATL's infringement contentions, ATL is not entitled to discovery of "all LIB Products." While the parties may disagree regarding the scope of "reasonably similar" products, that issue is not properly before the Court in the Motion to Compel.

Accordingly, the Court **DENIES WITHOUT PREJUDICE** ATL's request to compel CosMX to supplement its response to Interrogatory No. 1. The Court **DIRECTS** the parties to meaningfully meet and confer regarding the scope of "reasonably similar" products.

## II.   CONCLUSION

For the reasons stated herein, the Court **DENIES WITHOUT PREJUDICE** ATL's Motion to Compel (Dkt. No. 44) as set forth above.

**So ORDERED and SIGNED this 11th day of June, 2025.**

*[signature]*
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE