# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NINGDE AMPEREX TECHNOLOGY LIMITED,<br><br>   Plaintiff,<br><br>   v.<br><br>ZHUHAI COSMX BATTERY CO., LTD.,<br><br>   Defendant. | Civil Action No.:   2:24-cv-0728-JRG<br><br>Honorable Judge Gilstrap<br><br>Jury Trial Demanded |

**DEFENDANT ZHUHAI COSMX BATTERY CO., LTD.'S PARTIALLY OPPOSED MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS**

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ................................................................................................. 1

II.   STATEMENT OF RELEVANT FACTS ............................................................. 2

    A.   Alleged Deficiencies in Charts Mapping Prior Art to Claim Limitations Based on "Information and Belief" ............................................................. 3

    B.   Alleged Deficiencies in Contentions Based on Prior Art Sales ............................ 4

III.   LEGAL STANDARD .......................................................................................... 7

IV.   ARGUMENT ........................................................................................................ 7

    A.   The Unopposed Amendments Should be Granted ................................... 8

    B.   The Only Opposed Amendment Should Also be Granted ...................... 9

        1.   CosMX Has Reasonable Grounds for Supplementing Its Invalidity Contentions in this Narrow Respect (Factor 1) .......................................... 9

        2.   The Prior Art Products at Issue Are Important Anticipatory and Obviousness Art (Factor 2) ........................................................................ 11

        3.   ATL Will Not Suffer Prejudice from the Supplementation (Factor 3) ................................................................................................................. 11

        4.   No Continuance Is Necessary (Factor 4) ................................................. 12

V.   CONCLUSION .................................................................................................... 13

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Alcatel USA Res., Inc. v. Microsoft Corp.*,
  No. 6:06-CV-500, 2008 WL 11348444 (E.D. Tex. Oct. 3, 2008) ........................................... 11

*Arbitron, Inc. v. Int'l Demographics Inc.*,
  No. CIV A 206-CV-434 TJW, 2008 WL 4755761 (E.D. Tex. Oct. 29, 2008) ......................... 7

*CogniPower LLC v. Samsung Elecs. Co.*,
  No. 2:23-CV-00160-JRG, 2024 WL 128207 (E.D. Tex. Jan. 11, 2024) ................................. 10

*Computer Acceleration Corp. v. Microsoft Corp.*,
  481 F. Supp. 2d 620 (E.D. Tex. 2007) .................................................................................. 12

*e-Watch Inc. v. Apple, Inc.*,
  No. 2:13-CV-1061-JRG-RSP, 2014 WL 12668405 (E.D. Tex. Dec. 5, 2014) ....................... 12

*Keranos, LLC v. Silicon Storage Tech., Inc.*,
  797 F.3d 1025 (Fed. Cir. 2015) .............................................................................................. 7

*Optronic Scis. LLC v. BOE Tech. Grp. Co.*,
  No. 2:23-CV-00549-JRG, 2025 WL 1509150 (E.D. Tex. May 27, 2025) ............................. 12

*Team Worldwide Corp. v. Wal-Mart Stores, Inc.*,
  No. 2:17-CV-00235-JRG, 2018 WL 3533362 (E.D. Tex. July 23, 2018) ............................... 7

*Thomas Swan & Co. v. Finisar Corp. & Fujitsu Network Commc'ns, Inc.*,
  No. 2:13-cv-178-JRG, 2014 WL 12599218 (E.D. Tex. Apr. 29, 2014) .................................. 7

**OTHER AUTHORITIES**

Local Patent Rule 3-3 ........................................................................................................... 5, 9

## I.     INTRODUCTION

Pursuant to Local Patent Rule 3-6(b), Defendant Zhuhai CosMX Battery Co., Ltd. ("CosMX") respectfully seeks leave to amend its invalidity contentions in three respects, all of which concern its theories of invalidating prior art products: (1) include, in a chart accompanying its invalidity contentions, additional evidence of test results for one invalidity ground relying on a prior art product, (2) withdraw certain invalidity grounds, and (3) supplement its contentions regarding prior art product sales with certain information ATL sought, most of which is undisputed except with respect to the identity of four customers to whom CosMX sold prior art products. All of these amendments are sought in an effort to address alleged deficiencies raised by Plaintiff Ningde Amperex Technology, Limited ("ATL") and to resolve all disputes between the parties over the sufficiency of CosMX's invalidity contentions while the case remains in an early stage. CosMX's proposed amendments do not include any new references or theories, and instead aim solely to provide further clarity regarding already disclosed invalidity grounds. ATL does not oppose most of CosMX's proposed amendments, including all of the first and second requests and part of the third request. The only aspect ATL opposes, which relates solely to the third request, is the identification of four of CosMX's customers to which CosMX sold prior art battery cells.

This is a very narrow issue and, just like the unopposed aspects of this motion, warrants the proposed amendment. CosMX has been diligent in seeking to resolve all of these issues without Court intervention, and was able to resolve all but this single, narrow disputed issue. ATL did not even raise the disputed issue until late May 2025—more than two months after CosMX served its invalidity contentions. Even then, when CosMX proposed simple solutions, ATL was slow in responding and did not even advise that it might oppose the proposed amendments until June 25, 2025—more than a month after CosMX offered to provide solutions, and three months since CosMX served its contentions. In June and July, CosMX continued to try to resolve this and

other issues, and ultimately, after more silence from ATL, was able to resolve all but this single one.

ATL has no good basis to oppose CosMX's supplementation to specify four customers to whom it sold the prior art products. ATL can show no prejudice from the proposed amendment—identification of four customers will not impact claim construction proceedings (which have yet to commence), and ATL has ample time to pursue discovery on the sales to these customers, given the many months remaining until fact discovery closes in February 2026. ATL's sole articulated basis for opposing this request is that the deadline for serving contentions has passed, and so the identification of these customers for these prior art sales is untimely. As an initial matter, it is not clear that the Rules require this. But in any event, ATL fails to account for CosMX's good cause to amend, given the minimal relief requested, the early stage of this case, the importance of these issues to CosMX's defense against infringement, and that no continuance of any deadline is required to accommodate CosMX's supplementation.

CosMX respectfully requests that the Court grant this motion.

## II.    STATEMENT OF RELEVANT FACTS

On March 12, 2025, CosMX timely served its initial invalidity contentions for the six asserted patents in this case: U.S. Patent Nos. 11,799,131 ("the '131 patent"); 11,769,910 ("the '910 patent"); 11,575,148 ("the '148 patent"); 11,923,498 ("the '498 patent"); 12,015,118 ("the '118 patent"); and 10,964,927 ("the '927 patent") (collectively, the "Asserted Patents"). CosMX's contentions alleged that each patent is anticipated and/or rendered obvious by printed publications and by prior art products sold by CosMX, ATL, or third parties. For each ground, CosMX set forth in detail how each publication, product, or combination of publications and/or products satisfied each limitation of the relevant claims of the Asserted Patents.

### A. Alleged Deficiencies in Charts Mapping Prior Art to Claim Limitations Based on "Information and Belief" (Issues 1 and 2)

On May 12, 2025—two months after CosMX served its invalidity contentions—ATL first informed CosMX that it viewed certain aspects of the contentions as deficient, and in that same email stated that it intended to file a "motion to strike CosMX's invalidity contentions relating to third party system art" and demanded a meet and confer. ATL did not provide any further detail or explanation as to the basis of its threatened motion. After CosMX asked for ATL's grounds, ATL indicated that it disputed CosMX's reliance on "information and belief" for certain of its invalidity contentions—namely, contentions alleging that certain third-party prior-art products satisfied certain claim limitations. ATL's complaint related to three of the Asserted Patents—the '118, '148, and '927 patents. On May 20, 2025, and again on May 23, 2025, the parties met and conferred on this issue.

In a May 22, 2025 email, CosMX indicated its belief that it could resolve ATL's concerns without requiring Court intervention. With respect to the "information and belief" contentions for the '118 patent, CosMX had tested a prior art iPod Touch 6 containing an ATL battery cell (No. 265066), and CosMX identified that battery cell as part of a combination rendering obvious the asserted claims of the '118 patent (the "118-19 Chart").[1] On a meet and confer and by follow-up email, CosMX explained that this testing supported its contentions, but that its contentions did not specifically cite the testing due to concerns about work-product waiver. CosMX offered to supplement the 118-19 Chart to include excerpts from the test report, if ATL would agree that

---

[1] The 118-19 Chart was served on ATL as Exhibit 118-19 to CosMX's invalidity contentions, and refers to the fact that it is the 19th asserted invalidity ground for the '118 patent. That ground concerns invalidity based on an ATL product (ATL 265066 Cell/Electrode) in view of a Japanese patent application with Ishigaki as the first-named inventor (Patent Application Publication No. JP 2013-211096 A (Ishigaki et al.)).

doing so would not waive any work-product production. On May 30, 2025, CosMX served its proposed amended 118-19 Chart including those excerpts, and subject to the same condition that ATL agree that such disclosures would not waive any work-product protection. A redline showing those amendments is attached as Exhibit A. On June 24, 2025, ATL ultimately agreed to this resolution, and it does not oppose CosMX's request for leave to amend on this issue.

With respect to the eight invalidity grounds based on "information and belief"' for the '148 and '927 patents that ATL disputed, in the interest of not burdening the Court, CosMX agreed to withdraw those. On June 6, 2025, CosMX provided its proposed amended invalidity contentions, with redlines, to reflect those withdrawals. Those revisions are shown in Exhibit B (page 27, 29). Again, on June 24, 2025, ATL agreed to this resolution, and it does not oppose CosMX's request for leave to amend on this issue.

### B.  Alleged Deficiencies in Contentions Based on Prior Art Sales (Issue 3)

On May 22, 2025, just as it looked like the parties were going to reach resolution on ATL's complaints discussed in Part II.A above, ATL raised the issue that remains partially disputed. This issue concerns CosMX's disclosures in its invalidity contentions regarding invalidating prior art sales. CosMX sought to understand the nature of ATL's belated complaint, and CosMX engaged in good-faith attempts to resolve the issue, including email correspondence, a July 2, 2025 meet and confer, and still further email correspondence. The following summarizes this issue:

In its response to CosMX's May 22 email discussed above, ATL first raised its complaint regarding the disclosures of invalidating prior art sales. Notably, in raising this new complaint regarding the on-sale information, ATL did not complain about notice of what the prior art products were, nor did it complain about CosMX's contentions concerning how each product satisfied the claim limitations. Rather, ATL's complaint centered on the identity of third parties who engaged in the sales and the exact dates of the sales.

4

CosMX's invalidity contentions included tables reflecting one of the parties to each sales transaction. In addition, under a column entitled "Available at Least By," those tables provided a date by which CosMX contends such sales were made, all of which preceded—by months—the earliest claimed priority dates of the relevant patents.[2] ATL, however, complained that the tables did not identify the second party to the transaction or provide the specific dates of the sales. In many instances, though, CosMX had already provided this information in the charts it served with its narrative invalidity contentions. Much of the information was also readily ascertainable from the documents cited in the charts.

On May 23, 2025, the day after receiving ATL's new complaint, CosMX offered to supplement its invalidity contentions to include the details on prior art sales that ATL sought. ATL never responded to that offer. After waiting two weeks for a response, CosMX, on June 6, 2025, along with its proposed amendments discussed above, provided its proposed amended supplemental disclosures, with redlines, relating to prior art sales. Those are shown in Exhibit B (pages 12-20). By June 24, 2025, CosMX still had not heard from ATL (other than a June 11 email in which ATL stated it was reviewing the proposed amendments), so CosMX inquired about ATL's position on this issue (as well as all proposed amendments, as discussed above). Ultimately, the next day, ATL indicated it would not oppose the amendments discussed in Part II.A above, but ATL advised for the first time that it would categorically oppose all of the proposed supplementation for the on-sale contentions. By then, over a month had passed since CosMX offered to resolve the dispute by supplementing its on-sale contentions. ATL's reason for opposing

---

[2] Local Patent Rule 3-3 does not directly address invalidity contentions for prior art sales other than to require the identity of "the item offered for sale." For offers, it further requires the date of the offer and "the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known."

5

████████████████████████████████████████

the proposed supplementation was that "CosMX has made no attempt to show good cause for those amendments" as evidenced, according to ATL, by "CosMX's position [] that these amendments are not necessary."

On July 2, 2025, the parties met and conferred on the issue. During that discussion, ATL reiterated its position that no amendment could be acceptable because the deadline to serve contentions had passed on March 12, 2025, and CosMX had not offered an "excuse" for its original contentions. ATL was unable to articulate any prejudice it would suffer from the supplementation.

In a follow-up email on July 7, 2025, CosMX attempted to resolve the issue; it pointed ATL to where much of the complained-of on-sale information already existed in CosMX's charts served along with its narrative contentions, and also offered to withdraw proposed amendments to any sales dates except for the correction of typographical errors in two of the dates, if doing so would resolve the dispute. As CosMX explained, that would leave only the proposed supplementation to identify four customers ████████████████████████ ████████████████████████████ and ████████████████ that purchased certain prior art products from CosMX. On July 8, 2025, at ATL's request, CosMX provided a redline of its proposed amendments reflecting this. On July 11, 2025, CosMX followed up again. On July 16, 2025, ATL ultimately advised that it would not oppose the portions of the supplementation that incorporated into the narrative invalidity contentions information available elsewhere in the original contentions, and it asked for the basis for correcting one of the two typographical date errors. For the four identified customers, ATL stated that it would oppose that supplementation. CosMX provided the basis for the corrected date, and on July 18, 2025, ATL confirmed that it did not oppose that correction.

While CosMX was able to resolve most of ATL's concerns, there remains a single dispute about the sufficiency of CosMX's contentions: the identification of four CosMX customers ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and ▮▮▮▮▮▮▮▮▮▮) for certain of CosMX's invalidity grounds based on prior art sales.

## III.   LEGAL STANDARD

Pursuant to Local Patent Rule 3-6(b), parties may amend their invalidity contentions by order of the Court upon a showing of good cause, and the Court "has broad discretion to determine what constitutes such good cause to amend." *Thomas Swan & Co. v. Finisar Corp. & Fujitsu Network Commc'ns, Inc.*, No. 2:13-cv-178-JRG, 2014 WL 12599218, at *1 (E.D. Tex. Apr. 29, 2014). In evaluating good cause, courts routinely consider four factors: "(1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows that thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *Team Worldwide Corp. v. Wal-Mart Stores, Inc.*, No. 2:17-CV-00235-JRG, 2018 WL 3533362, at *3 (E.D. Tex. July 23, 2018) (citing *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015)). Courts have discretion to find good cause based on a combination of factors and need not determine that every factor favors good cause in order to allow amendment. *See Arbitron, Inc. v. Int'l Demographics Inc.*, No. CIV A 2:06-CV-434 (TJW), 2008 WL 4755761, at *1 (E.D. Tex. Oct. 29, 2008) (finding that courts have "discretion" to determine the factors upon which their good cause analyses are based).

## IV.   ARGUMENT

CosMX has good cause for seeking to amend its invalidity contentions. Once ATL brought its concerns to CosMX's attention (which ATL did so serially), CosMX worked diligently and in good faith to resolve them. The only opposed amendment is reasonable. It concerns grounds of invalidity based on sales of prior art products, which are important to CosMX's defense against

7

infringement. As explained in more detail below, these prior art sales anticipate and/or render obvious the asserted claims and are important to CosMX's case. Finally, given the early stage of this case, no continuance is needed to accommodate this supplemental information.

### A. The Unopposed Amendments Should be Granted

ATL does not oppose most of CosMX's proposed amendments to its invalidity contentions, and there is good cause for these amendments. Specifically, ATL does not oppose:

- The amendments to the 118-19 Chart for the '118 patent, as reflected in Exhibit A. (This is issue 1.)

- The amendments to CosMX's narrative invalidity contentions that withdraw certain invalidity grounds for the '148 and '927 patents, as reflected in Exhibit B on pages 17, 20, 27, and 29. (This is issue 2.)

- The amendments to CosMX's narrative invalidity contentions to incorporate therein certain on-sale information that was already disclosed elsewhere in CosMX's original contentions, as reflected in Exhibit B on pages 12-21. (This is part of issue 3.) Specifically:

  o For the prior art products for the '148 and '927 patents, the charts served along with CosMX's invalidity contentions explicitly identified the date of first sale and the relevant third-party entities involved in use, sale, offer for sale, or publication. These same prior art products are asserted against the '498 and '118 patents. CosMX's proposed amendment simply incorporates information already identified—specifically, in the charts for '148 and '927 patents—into the narrative portion of its contentions for all four patents. Ex. B. at 17, 20.

  o For prior art products for the '131 and '910 patents, CosMX alleged that certain prior art electrolytes, and battery cells containing such electrolytes, anticipate and/or render obvious the asserted claims. For the electrolytes (*e.g.*, "DP018 / SW-E7," "DP030," etc.), although the tables in CosMX's contentions did not identify CosMX as a party to the transactions, CosMX's accompanying charts made clear that CosMX was the purchasing party, referring to the electrolytes as "CosMX electrolytes," and citing documentary evidence of the transaction between CosMX and the third-party manufacturer. CosMX's updated narrative disclosure now also explicitly states that CosMX was a party to the transaction. Ex. B at 12-16.

  o In the course of investigating ATL's complaints about CosMX's contentions, CosMX also identified two typographical errors in the dates for the sales of two prior art products. Those are corrected in CosMX's updated narrative disclosures. Ex. B at 13, 15.

CosMX respectfully submits there is good cause for these amendments. ATL does not oppose these amendments, and they will have no effect on the case schedule or prejudice ATL.

### B. The Only Opposed Amendment Should Also be Granted

As discussed above, the only proposed amendment that ATL opposes is part of issue 3—CosMX's request to supplement certain invalidity grounds based on prior art sales by CosMX in order to identify those four customers that purchased those products from CosMX. There is good cause to grant this supplementation.

#### 1. CosMX Has Reasonable Grounds for Amending Its Invalidity Contentions with This Narrow Supplementation (Factor 1)

CosMX diligently identified and disclosed prior art products as on-sale invalidity grounds. In its invalidity contentions served in March 2025, CosMX provided, along with its narrative contentions, a detailed mapping of the products to the claim limitations and evidence that each product was sold prior to the earliest claimed priority date for each patent, even though such evidence is not required under P.R. 3-3. Two months later, when ATL expressed dissatisfaction with the level of detail about the prior art sale *itself* (and not with CosMX's detailed claim mapping), CosMX acted diligently and proactively to resolve ATL's concerns rather than simply stand on its contentions and burden the Court with motion practice, either now or at a later stage if ATL were to attempt to challenge CosMX's invalidity grounds on this basis. CosMX has reasonable grounds for seeking leave to supplement on this narrow issue.

To start, it is not clear that customer identification is required for invalidity contentions based on prior art sales. ATL reads Local Patent Rule 3-3 as requiring CosMX to identify *both* the seller and the purchaser for each prior art sale. CosMX does not share ATL's reading. The Rule provides in relevant part:

> Prior art sales or public disclosures under pre-AIA 35 U.S.C. § 102(b) / post-AIA 35 U.S.C. § 102(a)(1) shall be identified by specifying the item offered for

9

> sale or publicly used or the information known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known.

For sales, the Rule does not require the identities of both seller and purchaser. At best, the Rule contemplates the identification of both parties for an alleged *offer* for sale, which is a separate invalidating act.[3] Here, for the invalidity grounds based on prior art sales that are at issue, CosMX disclosed, identified, and charted prior art battery cells containing four of the prior art electrolytes, manufactured and sold by *CosMX*, *i.e.*, prior art products sold by a party from whom ATL is entitled to seek related discovery.[4]

When ATL raised a concern that CosMX's customers were not identified, rather than quibble with ATL over the correct reading of the Rule, CosMX immediately offered to provide the additional information in its narrative invalidity contentions so that the parties could move forward and litigate the merits of the case. CosMX's efforts to resolve this issue support a finding of good cause. *See CogniPower LLC v. Samsung Elecs. Co.*, No. 2:23-CV-00160-JRG, 2024 WL 128207, at *5 (E.D. Tex. Jan. 11, 2024) ("Even if there had been a 'failure to meet the deadline' for identification, CogniPower worked to provide the identification requested by Samsung.").

---

[3] Even for offers for sale, the requirement is ambiguous. The rule refers to identification of the involved "person or entity" in the singular.

[4] Moreover, contemporaneous with the service of its invalidity contentions, CosMX even produced exemplary purchase orders and/or invoices for some of these cells, identifying the third-party customers. For example, for cells containing the DP039 electrolyte, CosMX produced purchase orders from ▮▮▮▮▮▮▮▮ at COSMXATLTX-00048285, COSMXATLTX-00048286, COSMXATLTX-00048287 and invoices to ▮▮▮▮▮▮▮▮ at COSMXATLTX-00048283, COSMXATLTX-00048284. For cells containing DP030, CosMX Produced invoices to ▮▮▮▮▮▮▮▮ (COSMXATLTX-00048309).

### 2. The Prior Art Products at Issue Are Important Anticipatory and Obviousness Art (Factor 2)

The requested supplementation is important to CosMX's defense. The supplemental information of customer identity concerns battery cells that clearly embody the limitations of the Asserted Patents. *See* Ex. B at 12-20. "Prior art references potentially rendering a patent invalid are important." *Alcatel USA Res., Inc. v. Microsoft Corp.*, No. 6:06-cv-500, 2008 WL 11348444, at *2 (E.D. Tex. Oct. 3, 2008).

The cells at issue here are uniquely important to CosMX's invalidity case. These cells ("Short Titles": DP018 Cells, DP030 Cells, DP039 Cells, CL470 Cells) are each asserted against the '131 and '910 patents. These patents both have claims that require (1) a specific electrolyte formulation and (2) electrodes having a specific "compaction density" within the same battery cell. CosMX has also asserted a number of its own prior art electrolytes as invalidating art, but the prior art electrolytes, standing alone, cannot anticipate the claims of the '131 and '910 that also have limitations relating to the electrodes. Battery cells are therefore the only fully anticipatory prior art products that CosMX can assert. Precluding CosMX from the narrow supplementation to provide ATL information it sought concerning four customers to whom CosMX sold these cells that constitute impactful invalidity positions for the '131 and '910 patents would be a draconian measure. This factor therefore favors allowing the supplementation.

### 3. ATL Will Not Suffer Prejudice from the Supplementation (Factor 3)

ATL will not be prejudiced by CosMX's supplementation. CosMX disclosed every asserted prior art product in its initial invalidity contentions, provided detailed contentions as to where each claimed limitation could be found, as well as relevant "on sale" information, including the selling party (CosMX) and the date by which CosMX contended such sale occurred. CosMX's supplementation adds minimal additional detail regarding the identification of four CosMX

11

customers who bought these cells. ATL has long been on notice of CosMX's contentions concerning these prior art products, and the supplemental information—which CosMX promptly provided to ATL once ATL finally raised the issue—has no impact on ATL's ability to defend against CosMX's invalidity theories. In fact, CosMX offered to provide that information just one day after ATL raised the issue.

Moreover, the requested supplementation comes at the early stages of discovery. Fact discovery does not close until February 2026. *See* ECF No. 27 (Docket Control Order) at 3-4. Moreover, claim construction proceedings have not yet begun. *Id.* ATL has had, and will have, ample time to consider these minimal, additional disclosures. Courts in this District have granted leave to amend invalidity contentions under similar circumstances. *See, e.g.*, *Optronic Scis. LLC v. BOE Tech. Grp. Co.*, No. 2:23-CV-00549-JRG, 2025 WL 1509150, at *5 (E.D. Tex. May 27, 2025) (granting leave to add supplemental evidence to already identified prior art products, finding "little, if any, prejudice" to the plaintiff); *e-Watch Inc. v. Apple, Inc.*, No. 2:13-CV-1061-JRG-RSP, 2014 WL 12668405, at *1 (E.D. Tex. Dec. 5, 2014) (granting leave to amend invalidity contentions where leave was sought more than three months prior to the close of claim construction discovery, nearly four months prior to the plaintiff's opening claim construction brief, and nearly six months prior to the scheduled claim construction hearing); *see also Computer Acceleration Corp. v. Microsoft Corp.*, 481 F. Supp. 2d 620, 625-26 (E.D. Tex. 2007) (allowing defendant to amend invalidity contentions, finding that amendment one month before the *Markman* hearing and four months before the discovery deadline would not prejudice plaintiff).

For all of these reasons, this factor weighs heavily in favor of granting supplementation.

### 4. No Continuance Is Necessary (Factor 4)

There is no prejudice to ATL, so there is no prejudice to cure. Regardless, no adjustment to this Court's schedule is required by the proposed amendment, and there will be no material

12

impact on the proceedings in this case. Thus, this factor also weighs in favor of supplementation.

## V. CONCLUSION

For the foregoing reasons, CosMX respectfully requests that the Court grant leave to CosMX to amend its invalidity contentions in order to (1) include additional evidence of test results for one invalidity ground relying on a prior art product, (2) withdraw certain invalidity grounds, and (3) supplement its contentions regarding prior art product sales with certain information ATL sought, including the supplementation that ATL does not oppose as well as the only opposed issue of supplementation to provide the identity of four customers to whom CosMX sold prior art products.

DATED: July 24, 2025  Respectfully submitted,

By: /s/ *Michael C. Hendershot*
Michael C. Hendershot
**JONES DAY**
1755 Embarcadero Rd
Palo Alto, CA 94303
Phone: 650.739.3939
mhendershot@jonesday.com

Blaney Harper
**JONES DAY**
2727 N Harwood Street
Dallas, TX 75201-1515 Phone: 202.969.3725
bharper@jonesday.com

Melissa Richards Smith
SBN: 24001351
**GILLIAM & SMITH LLP**
303 South Washington Ave
Marshall, TX 75670
Phone: 903.934.8450
melissa@gillamsmithlaw.com

*Attorneys for Defendant,*
*Zhuhai CosMX Battery Co. Ltd.*

14

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on July 24, 2025, all counsel of record who are deemed to have consented to electronic service are being served with a notice of the filing of this sealed document via the Court's CM/ECF system per Local Rule CV-5(a)(3) and a copy of this sealed document in its entirety via electronic mail.

/s/ *Michael C. Hendershot*
Michael C. Hendershot



## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Ningde Amperex Technology Ltd. and Zhuhai CosMX Battery Co., Ltd. complied with the meet and confer requirement specified in Local Rule CV-7(h) on July 2, 2025.  The motion is partially opposed.

/s/ *Michael C. Hendershot*
Michael C. Hendershot