IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NINGDE AMPEREX TECHNOLOGY, LIMITED, | § § § § § § § § § § § § | |
| *Plaintiff*, | | |
| v. | | CIVIL ACTION NO. 2:24-CV-00728-JRG |
| ZHUHAI COSMX BATTERY CO., LTD., | | |
| *Defendant*. | | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Partially Opposed Motion for Leave to Amend Invalidity Contentions (the "Motion") filed by Defendant Zhuhai CosMX Battery Co., Ltd. ("Defendant" or "CosMX"). (Dkt. No. 63.) Having considered the Motion, the Court finds that it should be **GRANTED**.

I.  **BACKGROUND**

Plaintiff Ningde Amperex Technology Limited ("Plaintiff" or "ATL") filed suit against Defendant on September 6, 2024. (Dkt. No. 1.) Plaintiff alleges that Defendant infringes six United States patents. (Dkt. No. 12.) On March 12, 2025, Defendant served its invalidity contentions. (Dkt. No. 63 at 2.) As part of its invalidity contentions, Defendant identified potential invalidating prior art sales. (*Id.*) For these sales, Defendant provided one of the parties to each sale and the date Defendant contends such sales were made. (*Id.* at 4-5.) Defendant's initial invalidity contentions did not identify the second party to the transaction—namely the purchaser—or provide the specific sales date. (*Id.*) Along with its initial invalidity contentions, Defendant produced exemplary purchase orders and invoices which contained the purchaser information. (*Id.* at 4-5, 10 n.4.)

## II.     LEGAL STANDARD

Amendment or supplementation of invalidity contentions, other than expressly permitted in P.R. 3-6(a), may be made only by order of the Court upon the movant showing good cause. *See* P.R. 3-6(b). "Good cause," according to the Federal Circuit, "requires a showing of diligence." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 1366 (Fed. Cir. 2006). This Court applies a four-factor test to determine whether good cause has been shown: "(1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice." *Revolaze LLC v. J.C. Penney Corp., Inc.*, 2020 WL 2220158, at *2 (E.D. Tex. May 6, 2020). The burden of proving good cause rests with the party seeking the amendment. *Innovative Display Techs. LLC v. Acer Inc.*, 2014 WL 2796555, at *1 (E.D. Tex. June 19, 2014).

## III.    DISCUSSION

Defendant moves for leave to amend its invalidity contentions in three respects. (Dkt. No. 63 at 1.) Plaintiff only opposes Defendant's request for leave to amend its invalidity contentions to supplement four purchaser names for two of the asserted patents. (*Id.*)

### A.     Defendant's Unopposed Amendments

Plaintiff does not oppose Defendant's request for leave to amend "the 118-19 Chart for the '118 patent, as reflected in Exhibit A" (Dkt. No. 63-1). (Dkt. No. 63 at 8; Dkt. No. 65.) Plaintiff does not oppose Defendant's request for leave to amend its "narrative invalidity contentions that withdraw certain invalidity grounds for the '148 and '927 patents, as reflected in Exhibit B on pages 17, 20, 27, and 29" (Dkt. No. 63-2). (Dkt. No. 63 at 8; Dkt. No. 65.) Plaintiff does not oppose Defendant's request for leave to amend its "narrative invalidity contentions to incorporate therein certain on-sale information that was already disclosed elsewhere in CosMX's original contentions, as reflected in Exhibit B on pages 12-21" (Dkt. No. 63-2). (Dkt. No. 63 at 8; Dkt. No. 65.)

2

Accordingly, given its unopposed nature, the Court finds that Defendant has leave to amend its invalidity contentions on these unopposed bases.

**B.    Defendant's Opposed Amendments**

Defendant further seeks leave to amend its invalidity contentions to identify four customers to whom Defendant sold certain battery cells that Defendant contends render two of the asserted patents invalid. (Dkt. No. 63 at 9-12.)

**1.    Local Patent Rule 3-3**

Before proceeding on the merits of whether Defendant has established good cause for its request for leave, the Court will address the parties' disagreement on the reading of the District's local rules. The crux of Plaintiff's opposition is that Local Patent Rule 3-3 requires Defendant to identify both the seller and purchaser for each prior art sale. (Dkt. No. 65 at 2-3.) The Court disagrees with Plaintiff's reading of Local Patent Rule 3-3. The rule provides in relevant part:

> Prior art sales or public disclosures under pre-AIA 35 U.S.C. § 102(b) / post-AIA 35 U.S.C. § 102(a)(1) shall be identified by specifying the item offered for sale or publicly used or the information known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known.

(Local Patent Rule 3-3(a).) The plain reading of the rule requires a patent challenger to identify (1) "the item offered for sale or publicly used or the information known," (2) "the date the offer or use took place or the information became known," and (3) "the identity of the person or entity which made the use *or* which made and received the offer, *or* the person or entity which made the information known or to whom it was made known." (*Id.* (emphasis added).) Element three is disjunctive. Thus, a patent challenger at the contention stage must identify either the seller, the purchaser, or another person or entity knowledgeable of the sale. The purpose of contentions is to put the other party on sufficient notice of your theories, not to prove your case.

3

Accordingly, the Court does not find that the local rules required Defendant to disclose the supplemental purchaser information in its initial invalidity contentions.

### 2. Good Cause Analysis

Even though the Court finds that the local rules do not require Defendant to disclose the supplemental information, the Court must still determine whether Defendant has good cause to amend its invalidity contentions.

#### a. Delay and Diligence

Defendant argues that it "diligently identified and disclosed prior art products as on-sale invalidity grounds" in its initial invalidity contentions. (Dkt. No. 63 at 9.) Defendant argues that it "provided, along with its narrative contentions, a detailed mapping of the products to the claim limitations and evidence that each product was sold prior to the earliest claimed priority date for each patent …." (*Id.*) Defendant asserts that the day after Plaintiff raised an issue "with the level of detail about the prior art sale itself," Defendant offered to supplement its initial invalidity contentions, to which Plaintiff did not respond. (*Id.* at 5, 9-10.) Two weeks after offering to supplement its initial contentions, Defendant provided Plaintiff with its proposed supplementation relating to the prior art sales. (*Id.*)

Plaintiff responds that Defendant cannot establish diligence because it knew or should have known that the local rules required Defendant to disclose the supplemental purchaser information in its invalidity contentions.[1] (Dkt. No. 65 at 5-7.) Plaintiff argues that Defendant produced the purchaser information in conjunction with its initial invalidity contentions but failed to include the information in its contentions. (*Id.*) Plaintiff argues that Defendant was not diligent in complying with the local rules. (*Id.* at 6-7.)

---

[1] Plaintiff's response to the diligence factor focuses primarily on its reading of Local Patent Rule 3-3. (Dkt. No. 65 at 5-8.) However, as discussed above, the Court disagrees with Plaintiff's reading. (*Supra* Section III.B.1.)

4

The Court finds that, based on these facts, Defendant has demonstrated diligence. It is undisputed that Defendant identified these prior art sales in its initial invalidity contentions. It is also undisputed that Defendant produced documents with this information at the same time it served its contentions. (Dkt. No. 63 at 10 n.4; Dkt. No. 65 at 1.) Thus, Plaintiff was on notice of these prior art sales since March 12, 2025. After Plaintiff raised an issue with the details regarding the prior art sales, Defendant immediately—the next day—sought to supplement its initial invalidity contentions to include the supplemental purchaser information. Although the parties disagree on the reading of the local patent rules, even if the rules required disclosure of this information (which they do not), the Court finds that Defendant was reasonably diligent in its efforts to move to supplement.

Accordingly, the Court finds that this factor weighs in favor of granting leave.

    **b.**  **Importance**

Defendant argues that its proposed supplementation is important because it "concerns battery cells that clearly embody the limitations of the Asserted Patents." (Dkt. No. 63 at 11.) Defendant asserts that the two asserted patents which are relevant to the proposed supplementation require both electrolytes and electrodes. (*Id.*) Defendant argues that while it "has also asserted a number of its own prior art electrolytes as invalidating art, … the prior art electrolytes, standing alone, cannot anticipate the claims of [the two asserted patents] that also have limitations relating to the electrodes." (*Id.*) Defendant argues that "Battery cells are therefore the only fully anticipatory prior art products that CosMX can assert." (*Id.*)

Plaintiff responds that Defendant's supplement is not important given the breadth of Defendant's contentions. (Dkt. No. 65 at 8.) Plaintiff asserts that Defendant served 125 charts for these two asserted patents. (*Id.*) Plaintiff argues that if the Court precludes the supplement, Defendant "still has more than a hundred other invalidity grounds remaining against these two

5

patents." (*Id.*) Plaintiff also argues that its "own products are not the only battery cells being asserted in this case." (*Id.*)

The Court is persuaded that Defendant has met its burden to show that the proposed supplementation is sufficiently important. Defendant presented more than mere conclusory statements to justify the importance of the proposed supplementation. While the Court recognizes the breadth of Defendant's contentions, Defendant acknowledged the importance of these prior art sales by disclosing them in its initial invalidity contentions and producing documents with the supplemental information at the time it served its contentions.

Accordingly, the Court finds that this factor weighs in favor of granting leave.

### c. Prejudice

Defendant argues that because this case is in its early stages and Plaintiff has been on notice of Defendant's contentions concerning these prior art sales and supplemental information, Plaintiff will not suffer any undue prejudice. (Dkt. No. 63 at 11-12.)

Plaintiff responds that allowing Defendant's supplement will prejudice Plaintiff's ability to take third-party discovery. (Dkt. No. 65 at 8-9.) Plaintiff asserts that Defendant's supplementation concerns four foreign entities. (*Id.* at 9.) Plaintiff argues that should it "wish to seek discovery on these third parties, it will likely have to go through Hague Convention procedures, which are expensive and time consuming." (*Id.*) Plaintiff argues that Defendant's "failure to disclose these suppliers earlier thus delayed ATL's ability to pursue discovery from these foreign suppliers, causing prejudice." (*Id.*)

The Court finds that Plaintiff will suffer prejudice that is not excessive if the Court grants Defendant leave to identify the four customers to whom it sold prior art products. Plaintiff's prejudice argument focuses on the alleged prejudice with respect to third-party discovery into these four foreign entities. However, Plaintiff has known about these foreign customers for some time

and has chosen not to take third-party discovery of them. It is undisputed that Defendant identified these prior art sales in its initial invalidity contentions. It is also undisputed that Defendant produced documents with the purchaser information at the same time it served its contentions. Further, this case is in its early stages. Claim construction exchanges do not begin until September. (Dkt. No. 27 at 4.) Fact discovery does not close until February 17, 2026. (*Id.* at 3.)

Accordingly, the Court finds that this factor weighs in favor of granting leave.

### d. Continuance

Defendant argues that no continuance is necessary because Plaintiff will not suffer any prejudice and no adjustment to the Court's schedule is necessary, given that this case remains in the early stages. (Dkt. No. 63 at 8, 12-13.) Plaintiff responds that if the Court grants the Motion, "a continuance may be necessary in order for ATL to conduct the relevant foreign third-party discovery." (Dkt. No. 65 at 10.)

For the same reasons discussed in connection with the prejudice factor, the Court finds sufficient time in the case schedule to allow for Defendant's proposed supplement without the need for a continuance. (*Supra* Section III.B.2.C.)

Accordingly, the Court finds that this factor weighs in favor of granting leave.

### e. Defendant Established Good Cause for the Three New Products

The Court finds that all four factors weigh in favor of granting Defendant's request for leave to supplement its invalidity contentions. Accordingly, the Court finds that Defendant has established good cause.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Defendant's Motion (Dkt. No. 63) should be and hereby is **GRANTED**. It is **ORDERED** that Defendant has leave to serve its amended invalidity contentions as requested in the Motion.

**So ORDERED and SIGNED this 18th day of August, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE