# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NINGDE AMPEREX TECHNOLOGY LIMITED, § § § | |
| Plaintiff, § | **Civil Action No.: 2:24-CV-728-JRG** |
| § | |
| v. § | **JURY TRIAL DEMANDED** |
| § | |
| ZHUHAI COSMX BATTERY CO., LTD., § § | |
| Defendant. | |

**PLAINTIFF'S MOTION TO COMPEL WILLFULNESS DISCOVERY**

## I. INTRODUCTION

Plaintiff Ningde Amperex Technology Ltd. ("ATL" or "Plaintiff") respectfully moves to compel Defendant Zhuhai CosMX Battery Co. Ltd. ("CosMX" or "Defendant") to provide fulsome responses and production to discovery requests seeking the evidence of willfulness of Defendant's infringement.

*First*, ATL's Interrogatory No. 4 seeks information regarding CosMX's first awareness of the asserted patents and their related applications, as well as any actions CosMX took after gaining such awareness, which are routine topics of discovery. In response, CosMX does not identify when it actually first became aware of the related applications, but only states the awareness happened "*on or before*" certain dates. To make matters worse, the "on or before" dates CosMX identifies are issue dates of CosMX patents citing to the related applications obtained from publicly accessible patent office records. But CosMX must have gained knowledge of ATL's related applications *before* citing to them in CosMX's own patents. CosMX has failed to conduct any investigation into its company records as to when it actually became aware of the related applications. In addition, CosMX's response fails to identify any actions it took after becoming aware of the asserted or related patents.

*Second*, CosMX refuses to produce documents related to its patent application that reproduces a figure from the Asserted '927 Patent:



| Fig. 4 of CosMX CN 119481341A | Fig. 1 of ATL's Asserted '927 Patent |

The striking similarity leaves no doubt that CosMX continues to disregard ATL's patent rights (having been found to willfully infringe ATL's patents in the prior litigation) and appears to treat ATL's intellectual property as its own. ATL seeks discovery of documents relating to the projects leading up to this CosMX application, yet CosMX refuses to even search for these materials which are highly relevant to ATL's copying and related willfulness theories.

***Third***, one of the named inventors of another of ATL's Asserted Patents, the '118 Patent, is currently employed by CosMX—and has been employed by CosMX since before the commencement of this suit. As evidenced in the prior litigation (*see, e.g.*, *ATL v. CosMX*, 2:22-cv-232-JRG, (E.D. Tex.) ("First Litigation"), Dkt. 364, 369), CosMX has a proven history of filing "copycat" applications derived from ATL's patents, so ATL is more than justified in seeking discovery regarding whether its former inventor/employee is using ATL's patented technology at CosMX. Despite the obvious relevance to issues of willfulness, CosMX continues to withhold documents relating to Lin's work at CosMX without articulating any reasonable objections. Because Lin was directly involved in the invention of the Asserted '118 Patent, ATL is entitled to discover the nature of his employment at CosMX, which is currently defending against ATL's infringement allegations based on the same patent.

The Court's Discovery Order requires the parties to produce "all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action." Dkt. 26 § 3(b). The information and documents CosMX refuses to provide are highly relevant to ATL's willful infringement claims. CosMX should be compelled to fulfill its discovery obligations within two weeks of the Court's order.

## II. FAILURE TO RESPOND IN FULL TO ATL'S INTERROGATORY NO. 4

ATL's Interrogatory No. 4 requests that CosMX identify when and how it first became aware of each of the Asserted Patents and any Related Patents, including the specific individuals who gained such awareness, any actions taken in response to learning of these patents, and all documents reflecting such awareness—a routine discovery request seeking basic factual information squarely within Defendant's custody and control. *See, e.g.*, *C.R. Bard Inc. v. AngioDynamics*, C.A. No. 15-218, Dkt. 205 at 2-3 (D. Del. Aug. 29, 2017) (granting motion to compel "factual information regarding when AngioDynamics first became aware of the patents-in-suit or their respective patent applications"); *see* Ex. 1 (CosMX's supplemental response to ATL's Interrogatory No. 4).

Knowledge of the related applications, which are directed to the same inventions as disclosed in the Asserted Patents, is highly relevant to ATL's claim of willfulness. *See, e.g.*, *GREE, Inc. v. Supercell Oy*, No. 2:19-cv-00070, 2020 WL 4999676, at *3 (E.D. Tex. July 9, 2020) (knowledge of related foreign patents is circumstantial evidence of knowledge of the asserted patents); *see also Sunoco Partners Mktg. & Terminals L.P. v. Powder Springs Logistics, LLC*, 624 F. Supp. 3d 473, 483-4 (D. Del. 2022). In *WCM Indus., Inc. v. IPS Corp.*, the Federal Circuit affirmed the denial of JMOL of no willfulness because the patentee adduced sufficient evidence that the infringer knew of related patents and had "a culture of copying." 721 F. App'x 959, 970–71 (Fed. Cir. 2018). In *SIMO Holdings Inc. v. Hong Kong uCloudlink Network Tech. Ltd.*, the court denied JMOL of no willful infringement where the infringer had knowledge of the parent patent disclosing the "same method and apparatus," the infringer's internal architecture documents bore "notable similarities" to the patent, and the infringer hired the patentee's former employee. 396 F. Supp. 3d 323, 334–35 (S.D.N.Y. 2019). All these facts are present in this case. CosMX's

3

knowledge of the related applications, as well as what it did in response to gaining such knowledge, are highly pertinent to ATL's claim of willful infringement.

Yet, CosMX's response provides only a series of non-committal statements indicating dates "on or before" which CosMX became aware of certain related applications. These responses are evasive and incomplete by virtue of refusing to provide the specific dates requested. *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 437 (N.D. Tex. 2016) ("[D]iscovery by interrogatory requires candor in responding. ... A partial answer by a party reserving an undisclosed objection to answering fully is not candid. It is evasive") (quotations omitted). To compound the deficiency, the "on or before" dates CosMX has identified are issue dates of CosMX patents citing to the related applications, obtained from publicly accessible patent office records. CosMX necessarily had notice of the ATL related applications before they were published on the face of CosMX's own patents (*i.e.*, either because they were identified during prosecution or had been known to CosMX via some other means). CosMX's response confirms it has not conducted an appropriate investigation to determine when it first acquired actual notice of ATL's related applications.[1]

CosMX's response is additionally deficient because it fails to state what actions, if any, it took after becoming aware of the asserted and related applications. This information is highly pertinent to willful infringement, and is properly within the scope of discovery. *See, e.g.*, *Maxell Ltd. v. Apple Inc.*, No. 5:19-CV-00036-RWS, 2019 WL 7905454, at *4 (E.D. Tex. Nov. 13, 2019) (ordering defendant to identify "Your first awareness of the patent, including the date when You first became aware of the patent, the Persons involved in the circumstances and events when You

---

[1] During meet and confer, CosMX alleged the burden in investigating its first awareness of each related patent was too high. CosMX's argument is inapposite, because it can readily search for pertinent information using the related patent and application numbers as search terms. CosMX should be ordered to respond to the full scope of the interrogatory.

4

first became aware of the patent, the identity and content of any Communications or Documents relating to Your awareness of the patent, ***and all actions taken by You relating to, or as a result of, Your becoming aware of the patent,*** including any Communications, Documents, and/or actions related to a potential business arrangement between Maxell and Apple.") (emphasis added).

### III. REFUSAL TO PRODUCE DOCUMENTS RELATING TO COPYCAT APPLICATION

CosMX should be ordered to produce documents relating to the projects leading up to its patent application that reproduces a figure from the Asserted '927 Patent. This discovery is particularly important, because, in the prior case, ATL adduced evidence showing that CosMX had filed patent applications derived from ATL's asserted patents, and that the CosMX "inventors" disclaimed having invented what was disclosed in the CosMX applications. First Litigation, Dkt. 364 at 4. A reasonable inference from this evidence is that CosMX gained access to ATL's technology through key engineers it hired from ATL, and later attempted to protect CosMX's own implementation of the technology by filing "copycat" patent applications.

Relevant here, CosMX filed on December 3, 2024, a Chinese Patent Application No. 202411763738.3 (later published under Publication No. CN 119481341A), which shows striking similarity and overlap with the inventions disclosed in the Asserted '927 Patent. Most significantly, as depicted below, the pending CosMX patent application directly reproduce a figure from the '927 Patent. It is thus reasonable to assume that CosMX was not only aware of ATL's patented technology but freely utilized it in CosMX's own research and development efforts.

5



| Fig. 4 of CosMX CN 119481341A | Fig. 1 of ATL's Asserted '927 Patent |
|---|---|

Notably, this is not the first instance of CosMX writing ATL's intellectual property into CosMX's own patent applications. As revealed during the parties' prior litigation, CosMX filed a Chinese application containing "a figure taken directly from [ATL's] '352 Patent." First Litigation, Dkt. 340 (Tr. Vol. 5) at 1196:7-1196:8. Moreover, another CosMX patent "had almost the same elements" as "the ATL '987 patent," and was rejected based on a related application of ATL's '987 patent. *Id.*, Dkt. 338 (Tr. Vol. 1) at 314:20-317:21. The jury rendered a verdict of willful infringement, and the Court awarded enhanced damages. *See* Dkt. 369 at 3.

Consequently, documents relating to the projects leading up to the CosMX application are highly pertinent to ATL's allegations of willful infringement, and CosMX has no legitimate basis to withhold those documents.

## IV.   REFUSAL TO PRODUCE DOCUMENTS RELATED TO CHAOWANG LIN

Chaowang Lin, one of the named inventors on the Asserted '118 Patent, is currently employed by CosMX. Lin's role in the development of the an ATL patent now asserted against his current employer raises an obvious concern with his involvement in CosMX's infringement of the '118 Patent. The importance of this discovery is underscored by evidence adduced in the prior case showing that (i) nearly half of CosMX's key technical persons came from ATL and that 50% of CosMX's patents identified at least one former ATL engineer as an inventor; (ii) CosMX has a practice of reverse engineering ATL products; and (iii) when given the chance at trial, CosMX

inventor employees accused of copying ATL's inventions did not even try to rebut the copying allegations. *Id.* Dkt. 364 at 4-5. Accordingly, documents relating to Lin's work on the accused components—namely, electrolytes, separators, and electrodes—at CosMX are critical as they too could reveal whether CosMX leveraged Lin's knowledge of ATL's patented technology in developing the accused products—directly bearing on both infringement and willfulness.

CosMX has failed to back up any of its boilerplate objections to these requests and, despite several rounds of correspondence and meet and confers, continues to refuse to produce this important discovery. CosMX should be compelled to produce them.

V.   **CONCLUSION**

For the foregoing reasons, ATL respectfully requests that the Court compel CosMX to (i) respond to Interrogatory No. 4 in full, (ii) produce all documents relating to the projects leading up to CosMX's Chinese Patent Application No. 202411763738.3 and the Publication No. CN 119481341A, and (iii) produce all documents relating to Chaowang Lin's work on electrolytes, separators, and electrodes at CosMX.

DATED: November 18, 2025          Respectfully submitted,

By: */s/ Chunmeng Yang*
Michael D. Powell
California Bar No. 202850
QUINN EMANUEL URQUHART & SULLIVAN LLP
mikepowell@quinnemanuel.com
seanpak@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Lance Yang
California Bar No. 260705
QUINN EMANUEL URQUHART & SULLIVAN LLP
lanceyang@quinnemanuel.com
865 S. Figueroa St., 10th Floor

7

Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

G. Blake Thompson
State Bar No. 24042033
Blake@TheMannFirm.com
MANN | TINDEL | THOMPSON
112 E. Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 657-8540
Facsimile: (903) 657-6003 (fax)

*Attorneys for Plaintiff Ningde Amperex Technology Limited*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), the undersigned hereby certifies that counsel for the parties conducted a lead-local meet and confer regarding this Motion prior to filing. Specifically, on October 8, 2025 and October 30, 2025, counsel for ATL (Blake Thompson, Mike Powell, Chunmeng Yang) participated in a telephonic conference with counsel for CosMX (Melissa Smith, Mike Hendershot, John Evans) regarding the issues raised herein but were unable to reach a resolution. Thus, this Motion is opposed.

*/s/ Mike. Powell*
Mike Powell

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with notice of the filing of this sealed document via the Court's CM/ECF system pursuant to Local Rule CV-5(a) on November 18, 2025, and a copy of this sealed document, in its entirety, via electronic mail.

*/s/ Chunmeng Yang*
Chunmeng Yang

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

Pursuant to Local Rule CV-5, the undersigned counsel hereby certifies that authorization for filing under seal has been previously granted by the Court in the Protective Order (Dkt. 33) entered in this case on February 14, 2025.

*/s/ Chunmeng Yang*
Chunmeng Yang
