# EXHIBIT A

# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/076,882 | 12/07/2022 | Kefei WANG | 14850089COC | 9491 |

62008        7590        07/24/2023
MAIER & MAIER, PLLC
345 SOUTH PATRICK STREET
ALEXANDRIA, VA 22314

| EXAMINER |
|---|
| DOUYETTE, KENNETH J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1725 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 07/24/2023 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

docket@maierandmaier.com
maierandmaier_PAIR@firsttofile.com

PTOL-90A (Rev. 04/07)

ATL-EDTX728-0001522

| *Applicant-Initiated Interview Summary* | Application No.<br>18/076,882 | Applicant(s)<br>WANG et al. | | |
|---|---|---|---|---|
| | Examiner<br>KENNETH J DOUYETTE | Art Unit<br>1725 | AIA (First Inventor to File) Status<br>Yes | Page<br>1 of 2 |

| **All Participants** (applicant, applicants representative, PTO personnel) | **Title** | **Type** |
|---|---|---|
| KENNETH J DOUYETTE | Primary Examiner | Telephonic |
| ROBERT MADSEN, #58,543 | Agent | |
| LIN CHEN, # L1386 | Attorney | |

**Date of Interview:** 18 July 2023

**Issues Discussed:**

**Objections**

Since previous dependent claims 5, 21, and 29 are proposed to be amended into claims 1, 21, and 29, previous objections would be overcome and if double patenting overcome as well this would place this application in condition for allowance.

**Proposed Amendment(s)**

Independent claims 1, 13, and 22 are amended to include previous limitations of dependent claims 5, 21, and 29, which were previous indicated as allowable.

**Other**

Claim 30 depends from claim 24, which is canceled. Claim 30 should depend from 21

☑ Attachment

| /KENNETH J DOUYETTE/<br>Primary Examiner, Art Unit 1725 | |
|---|---|

**Applicant is reminded that a complete written statement as to the substance of the interview must be made of record in the application file. It is the applicants responsibility to provide the written statement, unless the interview was initiated by the Examiner and the Examiner has indicated that a written summary will be provided. See MPEP 713.04**
Please further see:
MPEP 713.04
Title 37 Code of Federal Regulations (CFR) § 1.133 Interviews, paragraph (b)
37 CFR § 1.2 Business to be transacted in writing

**Applicant recordation instructions:** The formal written reply to the last Office action must include the substance of the interview. (See MPEP section 713.04). If a reply to the last Office action has already been filed, applicant is given a non-extendable period of the longer of one month or thirty days from this interview date, or the mailing date of this interview summary form, whichever is later, to file a statement of the substance of the interview.

**Examiner recordation instructions:** Examiners must summarize the substance of any interview of record. A complete and proper recordation of the substance of an interview should include the items listed in MPEP 713.04 for complete and proper recordation including the identification of the general thrust of each argument or issue discussed, a general

ATL-EDTX728-0001523

| *Applicant-Initiated Interview Summary* | Application No. 18/076,882 | Applicant(s) WANG et al. | | |
|---|---|---|---|---|
| | Examiner KENNETH J DOUYETTE | Art Unit 1725 | AIA (First Inventor to File) Status Yes | Page 2 of 2 |

indication of any other pertinent matters discussed regarding patentability and the general results or outcome of the interview, to include an indication as to whether or not agreement was reached on the issues raised.

## IN THE UNITED STATES PATENT & TRADEMARK OFFICE

| | |
|---|---|
| *In re* Patent Application of: NINGDE AMPEREX TECHNOLOGY LIMITED | Confirmation No.: 9491 |
| | Art Unit: 1725 |
| U.S. Patent Application No.: 18/076,882 | Examiner: KENNETH J DOUYETTE |
| Filed: December 7, 2022 | Attorney Docket No.: 14850089COC |
| Title: ELECTROLYTE AND ELECTROCHEMICAL DEVICE | |

## AMENDMENT AND RESPONSE

Commissioner for Patents                                                July 20, 2022
P.O. Box 1450
Alexandria, VA 22313-1450

Dear Commissioner:

     In response to the Office Action mailed April 20, 2023, Applicant respectfully requests reconsideration of the Application in view of the following Amendments and Remarks.

     **Amendments to the Claims** begin on page 2.

     **Remarks** follow the above-mentioned amendments.

ATL-EDTX728-0001542

Application No.:  18/076,882
Attorney Docket No.:  14850089COC
Response to Office Action of April 20, 2023

## AMENDMENTS TO THE CLAIMS/CLAIM LIST

Please **CANCEL** claims 5, 21, 24, and 29 without prejudice or disclaimer.

Please **AMEND** claims 1, 13, 22, and 30 as shown below.

The following list of claims replaces any prior listing of claims:

1.      (Currently Amended) An electrolyte, comprising a dinitrile compound, a trinitrile compound, and propyl propionate, wherein, based on a total weight of the electrolyte, a weight percentage of the dinitrile compound is X, a weight percentage of the trinitrile compound is Y and a weight percentage of the propyl propionate is Z; wherein,

about 2.2 wt% $\leq$ (X+Y) $\leq$ about 8 wt%,

about 0.1 $\leq$ (X/Y) $\leq$ about 2.3,

<u>5 wt% $\leq$ Z $\leq$ 20 wt% or 30 wt% $\leq$ Z $\leq$ 50 wt%</u>~~about 5 wt% $\leq$ Z $\leq$ about 50 wt%~~, and

about 0.02 $\leq$ (Y/Z) $\leq$ about 0.3;

wherein the dinitrile compound is one or more compounds selected from the group consisting of butanedinitrile, adiponitrile, <u>ethylene glycol bis(2-cyanoethyl) ether,</u> and 1,4-dicyano-2-butene; and the trinitrile compound is one or more compounds selected from the group consisting of 1,3,6-hexanetricarbonitrile , 1,2,6-hexanetricarbonitrile and 1,2,3-tris(2-cyanoethoxy)propane;

wherein the electrolyte further comprises ~~at least one selected from the group consisting of a cyclic carbonate ester having a carbon-carbon double bond, a fluorinated chain carbonate~~

2

Application No.: 18/076,882
Attorney Docket No.: 14850089COC
Response to Office Action of April 20, 2023

~~ester, a fluorinated cyclic carbonate ester, and~~ a compound having a sulfur-oxygen double bond.

2.    (Original) The electrolyte according to Claim 1, wherein,

the dinitrile compound comprises adiponitrile, wherein,

$0.1 \leq$ a weight percentage of the adiponitrile $\div$ a weight percentage of the trinitrile compound $\leq 2.3$,

where the weight percent of the adiponitrile is based on the total weight of the electrolyte, and the weight percent of the trinitrile compound is based on the total weight of the electrolyte.

3.    (Original) The electrolyte according to Claim 1, wherein the compound having a sulfur-oxygen double bond comprises 1,3-propanesultone, based on the total weight of the electrolyte, a weight percentage of the 1,3-propanesultone is not less than 0.1wt%, and not greater than 3wt%.

4.    (Original) The electrolyte according to Claim 1, wherein $0.1 \leq X/Y \leq 2.0$.

5.    (Canceled)

6.    (Original) The electrolyte according to Claim 1, wherein $0.025 \leq Y/Z \leq 0.3$.

3

ATL-EDTX728-0001544

Application No.: 18/076,882
Attorney Docket No.: 14850089COC
Response to Office Action of April 20, 2023

7.    (Original) The electrolyte according to Claim 1, wherein X is 0.01-10 wt%, Y is 0.01-10 wt%.

8.    (Original) The electrolyte according to Claim 1, further comprising a fluoroether comprising at least one of the compounds of Formula (8), Formula (9), Formula (10) or Formula (11):

Rf1–O – Rf2        (8);

Rf1–O – R          (9)

Rf1–O –(R' –O)$_n$– Rf2  (10); and

Rf1–O –(R' –O)$_n$– R    (11);

wherein Formulae (8), (9), (10), and (11), Rf1 and Rf2 are each independently a linear or branched $C_1$ to $C_{12}$ fluoroalkyl group having at least one hydrogen atom substituted with fluoro, R is a linear or branched $C_1$ to $C_{12}$ alkyl group, and R' is a linear or branched $C_1$ to $C_5$ alkylene group, and n is an integer from 1 to 5;

wherein based on the total weight of the electrolyte, a weight percentage of the fluoroether is greater than 0.01wt%, and less than 5wt%.

9.    (Original) The electrolyte according to Claim 8, wherein Rf1 or Rf2 is each independently a fluoroalkyl group selected from the group consisting of $HCF_2$-, $CF_3$-, $HCF_2CF_2$-, $CH_3CF_2$-, $CF_3CH_2$-, $CF_3CF_2$-, $(CF_3)_2CH$-, $HCF_2CF_2CH_2$-, $CF_3CH_2CH_2$-, $HCF_2CF_2CF_2CH_2$-, $HCF_2CF_2CF_2CF_2CH_2$-, $CF_3CF_2CH_2$-, $CF_3CFHCF_2CH_2$-,

Application No.: 18/076,882
Attorney Docket No.: 14850089COC
Response to Office Action of April 20, 2023

$HCF_2CF(CF_3)CH_2-$, and $CF_3CF_2CH_2CH_2-$.

10. (Original) The electrolyte according to Claim 8, wherein the fluoroether is one selected from the group consisting of: $HCF_2CF_2CH_2OCF_2CF_2H$, $(CF_3)_2CFCF(CF_2CF_3)(OCH_3)$, $CF_3CHFCF_2CH(CH_3)OCF_2CHFCF_3$, $HCF_2CF_2CH_2OCF_2CF_2CF_2CF_2H$, $HCF_2CF_2OCH_2CF_3$, $HCF_2CF_2OCH_2CH_2OCF_2CF_2H$, $HCF_2CF_2OCH_2CH_2CH_2OCF_2CF_2H$, $HCF_2CF_2CH_2OCF_2CF_2CF_2H$, $HCF_2CF_2OCH_2CH_2OCF_2CF_2CF_2H$, $HCF_2CF_2OCH_2CH_2CH_2OCF_2CF_2CF_2H$, $CH_3OCH_2CH_2OCH_2CH_2F$, $CH_3OCH_2CH_2OCH_2CF_3$, $CH_3OCH_2CH(CH_3)OCH_2CH_2F$, $CH_3OCH_2CH(CH_3)OCH_2CF_3$, $FCH_2CH_2OCH_2CH_2OCH_2CH_2F$, $FCH_2CH_2OCH_2CH(CH_3)OCH_2CH_2F$, $CF_3CH_2O(CH_2CH_2O)_2CH_2CF_3$, $CF_3CH_2OCH_2CH(CH_3)OCH_2CF_3$, and any combination thereof.

11. (Original) The electrolyte according to Claim 1, further comprising a cyclic phosphonic anhydride, based on the total weight of the electrolyte, a weight percentage of cyclic phosphonic anhydride is not less than 0.01wt%, and not greater 3wt%.

12. (Original) The electrolyte according to Claim 1, further comprising a cyclic carboxylate ester, including γ-butyrolactone or γ-valerolactone or a combination thereof.

13. (Currently Amended) An electrochemical device, wherein the electrochemical device comprises electrodes and an electrolyte comprising a dinitrile compound, a trinitrile

5

ATL-EDTX728-0001546

Application No.:  18/076,882
Attorney Docket No.:  14850089COC
Response to Office Action of April 20, 2023

compound, and propyl propionate, wherein, based on the total weight of the electrolyte, the weight percentage of the dinitrile compound is $X$, the weight percentage of the trinitrile compound is Y and a weight percentage of the propyl propionate is Z; wherein,

about 2.2 wt% $\leq$ (X+Y) $\leq$ about 8 wt%,

about 0.1 $\leq$ (X/Y) $\leq$ about 2.3,

5 wt% $\leq$ Z $\leq$ 20 wt% or 30 wt% $\leq$ Z $\leq$ 50 wt% ~~about 5 wt% $\leq$ Z $\leq$ about 50 wt%~~,

and

about 0.02 $\leq$ (Y/Z) $\leq$ about 0.3;

wherein the dinitrile compound is one or more compounds selected from the group consisting of butanedinitrile, adiponitrile, ethylene glycol bis(2-cyanoethyl) ether, and 1,4-dicyano-2-butene; and the trinitrile compound is one or more compounds selected from the group consisting of 1,3,6-hexanetricarbonitrile , 1,2,6-hexanetricarbonitrile and 1,2,3-tris(2-cyanoethoxy)propane;

wherein the electrolyte further comprises ~~at least one selected from the group consisting of a cyclic carbonate ester having a carbon- carbon double bond, a fluorinated chain carbonate ester, a fluorinated cyclic carbonate ester, and~~ a compound having a sulfur-oxygen double bond.

14.    (Original) The electrochemical device according to Claim 13, wherein the electrode comprises a cathode,

the cathode comprises a current collector, a single-sided coating and a double-sided coating;

6

ATL-EDTX728-0001547

Application No.: 18/076,882
Attorney Docket No.: 14850089COC
Response to Office Action of April 20, 2023

a first part of the current collector is provided with the single-sided coating and a second part of the current collector is provided with the double-sided coating;

an electrode compaction density of the single-sided coating is D1, and, an electrode compaction density of the double-sided coating is D2, wherein, about $0.8 \leq D1/D2 \leq$ about 1.2; and,

$3.5 \text{ g/cm}^3 \leq D2 \leq 4.3 \text{ g/cm}^3$.

15.　(Original) The electrochemical device according to Claim 14, wherein,

both the single-sided coating and the double-sided coating are present on the same electrode; or,

only a single-sided coating or a double-sided coating present on the same electrode.

16.　(Original) The electrochemical device according to Claim 14, wherein the electrode comprises an anode,

the anode comprises a current collector, a single-sided coating and a double-sided coating;

a first part of the current collector is provided with the single-sided coating and a second part of the current collector is provided with the double-sided coating;

an electrode compaction density of the single-sided coating is D1, and, an electrode compaction density of the double-sided coating is D2,

ATL-EDTX728-0001548

Application No.: 18/076,882
Attorney Docket No.: 14850089COC
Response to Office Action of April 20, 2023

wherein, about $0.8 \leq D1/D2 \leq$ about 1.2; and,

$1.2 \text{ g/cm}^3 \leq D2 \leq 1.8 \text{ g/cm}^3$.

17. (Original) The electrochemical device according to Claim 13, wherein the dinitrile compound comprises adiponitrile, wherein,

$0.1 \leq$ a weight percentage of the adiponitrile $\div$ a weight percentage of the trinitrile compound $\leq 2.3$,

where the weight percent of the adiponitrile is based on the total weight of the electrolyte, and the weight percent of the trinitrile compound is based on the total weight of the electrolyte.

18. (Original) The electrochemical device according to Claim 13, wherein, the compound having a sulfur-oxygen double bond comprises 1,3-propanesultone, based on the total weight of the electrolyte, a weight percentage of the 1,3-propanesultone is not less than 0.1wt%, and not greater than 3wt%.

19. (Original) The electrochemical device according to Claim 13, wherein X is 0.01-10 wt%, Y is 0.01-10 wt%.

20. (Original) The electrochemical device according to Claim 13, wherein $0.1 \leq X/Y \leq 2.0$.

21. (Canceled)

ATL-EDTX728-0001549

Application No.:  18/076,882
Attorney Docket No.:  14850089COC
Response to Office Action of April 20, 2023

22.    (Currently Amended) An electrolyte, comprising a dinitrile compound, a trinitrile compound, and propyl propionate, wherein, based on a total weight of the electrolyte, a weight percentage of the dinitrile compound is X, a weight percentage of the trinitrile compound is Y and a weight percentage of the propyl propionate is Z; wherein,

about 2.2 wt% $\leq$ (X+Y) $\leq$ about 8 wt%,

about 0.1 $\leq$ (X/Y) $\leq$ about 6,

5 wt% < Z $\leq$ 20 wt% or 30 wt% < Z $\leq$ 50 wt% ~~about 5 wt% $\leq$ Z $\leq$ about 50 wt%~~,

and

about 0.01 $\leq$ (Y/Z) $\leq$ about 0.3;

wherein the dinitrile compound comprises at least one selected from the group consisting of butanedinitrile, adiponitrile, ethylene glycol bis(2-cyanoethyl) ether, and 1,4-dicyano-2-butene; and the trinitrile compound is one or more compounds selected from the group consisting of 1,3,6-hexanetricarbonitrile , 1,2,6-hexanetricarbonitrile and 1,2,3-tris(2-cyanoethoxy)propane;

wherein the electrolyte further comprises 1,3-propanesultone and fluoroethylene carbonate; wherein,

based on the total weight of the electrolyte, a weight percentage of the 1,3-propanesultone is not less than 0.1wt%, and not greater than 3wt%.

23.    (Original) The electrolyte according to Claim 22, wherein,

the dinitrile compound comprises adiponitrile, wherein,

9

ATL-EDTX728-0001550

Application No.:  18/076,882
Attorney Docket No.:  14850089COC
Response to Office Action of April 20, 2023

$0.1 \leq$ a weight percentage of the adiponitrile $\div$ a weight percentage of the trinitrile compound $\leq 2.3$,

where the weight percent of the adiponitrile is based on the total weight of the electrolyte, and the weight percent of the trinitrile compound is based on the total weight of the electrolyte.

24.    (Canceled)

25.    (Original) The electrolyte according to Claim 22, wherein X is 0.01-10 wt%, Y is 0.01-10 wt%.

26.    (Original) The electrolyte according to Claim 22, wherein $0.2 \leq X/Y \leq 5$.

27.    (Original) The electrolyte according to Claim 22, wherein 2.2 wt% $\leq X+Y \leq 8$ wt%, and $0.1 \leq X/Y \leq 2.3$.

28.    (Original) The electrolyte according to Claim 22, wherein  $0.1 \leq X/Y \leq 2.0$.

29.    (Canceled)

30.     (Currently Amended) The electrolyte according to Claim ~~24~~22, wherein $0.025 \leq Y/Z \leq 0.3$.

ATL-EDTX728-0001551

Application No.:  18/076,882
Attorney Docket No.:  14850089COC
Response to Office Action of April 20, 2023

## REMARKS

Favorable reconsideration of this Application, in light of the following discussion, is respectfully requested.  Claims 1-30 were originally presented. Claims 1, 13, 22, and 30  have been amended, and no new claims have been added. Claims 5, 21, 24, and 29 have been canceled without prejudice or disclaimer. Accordingly, claims 1-4, 6-20, 22, 23, 25-28, and 30 are pending in the present Application.  Applicant submits that upon entry of the present Response, claims 1-4, 6-20, 22, 23, 25-28, and 30 are in condition for allowance.  Moreover, the Applicant submits that no new matter has been introduced by the foregoing amendments.

### Allowable Subject Matter

The outstanding Office Action indicates that claims 5, 21, and 29 are objected to as being dependent upon a rejected base claim, but would be allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims.

Applicant acknowledges with appreciation the indication of allowable subject matter.  In response, claims 5, 21, and 29 are rewritten in independent form, i.e. claims 1, 13 and 22 include the features from claims 5, 21, and 29, respectively.

### Examiner Interview

First, Applicant wishes to thank the Examiner for the courtesy of an interview granted to Applicant's representatives on July 18, 2023, at which time the outstanding issues in this case were discussed.  Amendments similar to those attached and arguments similar to the ones developed hereinafter were presented and the Examiner indicated that in light of the amendments, he would reconsider the outstanding grounds for rejection upon formal submission of a response.

### Double Patenting

In the outstanding Office Action, claims 1-2, 4-17, and 19-30 stand rejected under the judicially created doctrine of non-statutory double patenting as being unpatentable over claims 1-20 of copending Application No. 17/885,920.

11

ATL-EDTX728-0001552

Application No.:  18/076,882
Attorney Docket No.:  14850089COC
Response to Office Action of April 20, 2023

In the outstanding Office Action, claims 1-30 stand rejected under the judicially created doctrine of non-statutory double patenting as being unpatentable over claims 1-40 of copending Application No. 17/990,626.

In the outstanding Office Action, claims 1-30 stand rejected under the judicially created doctrine of non-statutory double patenting as being unpatentable over claims 1-41 of copending Application No. 17/990,641.

With this correspondence, Applicant has submitted a terminal disclaimer to overcome these rejections. Accordingly, Applicant respectfully requests the withdrawal of this double patenting rejection of claims 1-4, 6-20, 22, 23, 25-28, and 30.

Applicant notes that "[t]he filing of a terminal disclaimer to obviate a rejection based on nonstatutory double patenting is not an admission of the propriety of the rejection [because] the filing of a terminal disclaimer simply serves the statutory function of removing the rejection of double patenting, and raises neither a presumption nor estoppels on the merits of the rejection" (MPEP §804.02.II, citations omitted). Hence, the terminal disclaimer included with this reply serves the statutory function of removing the double patenting rejection without raising a presumption or estoppels on the merits of the rejection.

## Rejections under 35 U.S.C. §102

In the outstanding Office Action, claims 1-4, 6-7, 12-13, 17-20, 22-28, and 30 were rejected under 35 U.S.C. § 102(a)(1) as being anticipated by CN 106848381 to Hong et al. ("Hong").

Addressing now the rejection of claims 1-4, 6-7, 12-13, 17-20, 22-28, and 30  under 35 U.S.C. § 102(a)(1) as being anticipated by Hong, this rejection is respectfully traversed. Independent claims 1, 13, and 22 have been amended to overcome the rejection under 35 U.S.C. § 102(a)(1) by adding allowable subject matter from claims 5, 21, and 29, respectively, i.e. the weight percentage of the propyl propionate ("Z"): "5 wt% ≤ Z ≤ 20 wt% or 30 wt% ≤ Z ≤ 50 wt%". Also, claims 1, 13, and 22, have been amended to specify  that dinitrile compound is one or more compounds selected from the group consisting of butanedinitrile, adiponitrile, *ethylene glycol bis(2-cyanoethyl) ether,* and 1,4-dicyano-2-butene, as disclosed, for example, at page 11, the paragraph starting at line 16 of the specification as filed and previously recited in claim 24.

12

Application No.: 18/076,882
Attorney Docket No.: 14850089COC
Response to Office Action of April 20, 2023

Further, the electrolyte of claims 1, 13, and 22 further comprise a compound having a sulfur-oxygen double bond.

However, and as acknowledged in the outstanding Office Action,[1] Hong fails disclose an electrolyte having a weight percentage of propyl propionate as now claimed, i.e. 5 wt% $\leq$ Z $\leq$ 20 wt% or 30 wt% $\leq$ Z $\leq$ 50 wt%. On the contrary, Hong explicitly teaches an amount between the two instantly claimed ranges, i.e. propyl propionate of 25% .[2] In view of the above, the cited prior art fails to teach or suggest every feature recited in Applicant's claims, so that claims 1-4, 6-20, 22, 23, 25-28, and 30 are believed to be patentably distinguishable over the cited prior art. Accordingly, Applicant respectfully traverses, and requests reconsideration of, the rejections based on Hong.[3]

## Rejections under 35 U.S.C. §103

In the outstanding Office Action, claims 8-10 stand rejected under 35 U.S.C. § 103 as unpatentable over Hong as applied to claim 1, and further in view of U.S. Patent Application Publication No. 2017/0324116, applied for by Ohashi.

In the outstanding Office Action, claim 11 stands rejected under 35 U.S.C. § 103 as unpatentable over Hong as applied to claim 1, and further in view of U.S. Patent Application Publication No. 2017/0317385, applied for by Zhang et al. ("Zhang").

In the outstanding Office Action, claims 14-16 stand rejected under 35 U.S.C. § 103 as unpatentable over Hong as applied to claim 13, in view of Ohashi.

Addressing now the rejection of claims 8-10 under 35 U.S.C. § 103 as unpatentable over Hong in view of Ohashi, the rejection of claim 11 under 35 U.S.C. § 103 as unpatentable over Hong in view of Zhang, and the rejection of claims 14-16 under 35 U.S.C. § 103 as unpatentable over Hong in view of Ohashi, these rejections are respectfully traversed. Independent claims 1 and 13 have been amended to overcome the rejection under 35 U.S.C. § 103, as detailed above relative

---

[1] See outstanding Office Action at page 14, lines 8-19.

[2] See Hong, for example, in Table 3, embodiments 2, 18, and 25, in the English translation.

[3] See MPEP 2131: "A claim is anticipated only if each and every element as set forth in the claim is found, either expressly or inherently described, in a single prior art reference," (Citations omitted) (emphasis added). See also MPEP 2143.03: "All words in a claim must be considered in judging the patentability of that claim against the prior art."

13

Application No.: 18/076,882
Attorney Docket No.: 14850089COC
Response to Office Action of April 20, 2023

to the rejection under 35 U.S.C. § 102.

Hong, however, fails to teach or suggest Applicant's claimed electrolyte as recited in independent claim 1 and the electrochemical device, which comprises and electrolyte, as recited in independent claim 13. In particular, and as acknowledged by the outstanding Office Action,[4] Hong fails to teach or suggest the claimed weight percentage of propyl propionate: $5 \text{ wt}\% \leq Z \leq 20 \text{ wt}\%$ or $30 \text{ wt}\% \leq Z \leq 50 \text{ wt}\%$, and "[n]one of the other cited reference discloses a reason to adjust an electrolyte to comprise all of the compounds in the ranges as set forth in the instant claims."

Therefore, even if the combination of Hong with Ohashi and/or Zhang is assumed to be proper, the combination fails to teach every element of the claimed invention. Specifically, the combination fails to teach the claimed weight percentage of propyl propionate: $5 \text{ wt}\% \leq Z \leq 20 \text{ wt}\%$ or $30 \text{ wt}\% \leq Z \leq 50 \text{ wt}\%$. Accordingly, Applicant respectfully traverses, and requests reconsideration of, this rejection based on these documents.[5]

As a result, Applicant respectfully submits that independent claims 1 and 13 are patentable over Hong with Ohashi and/or Zhang. As claim 2-4 and 6-12 depend from independent claim 1, and claims 14-20 depend from independent claim 13, Applicant respectfully submits that claims 2-4, 6-12, and 14-20 are likewise patentable over Hong with Ohashi and/or Zhang.

Accordingly, for at least the reasons set forth above, Applicant respectfully requests that the §103 rejections of claims 8-11 and 14-16 be withdrawn.

---

[4] See outstanding Office Action at page 14, lines 8-19.

[5] See MPEP 2142 stating, as one of the three "basic criteria [that] must be met" in order to establish a *prima facie* case of obviousness, that "the prior art reference (or references when combined) must teach or suggest all the claim limitations," (emphasis added). See also MPEP 2143.03: "All words in a claim must be considered in judging the patentability of that claim against the prior art."

ATL-EDTX728-0001555

Application No.:  18/076,882
Attorney Docket No.:  14850089COC
Response to Office Action of April 20, 2023

## **CONCLUSION**

Consequently, in view of the present amendment and in light of the above discussion, the outstanding grounds of rejection are believed to have been overcome.  The Application, as amended, is believed to be in condition of allowance.  An early and favorable action to that effect is respectfully requested.

Respectfully submitted,

/Timothy J. Maier/
Timothy J. Maier
Attorney of Record
Reg. No. 51986

Maier & Maier, PLLC
345 South Patrick Street
Alexandria, Virginia 22314
(703) 740-8322
Customer No. 62008

TJM/mae/RAM/kcf

Attachment:
        e-Terminal Disclaimer

July 20, 2023

15

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/076,882 | 12/07/2022 | Kefei WANG | 14850089COC | 9491 |

62008          7590          04/20/2023
MAIER & MAIER, PLLC
345 SOUTH PATRICK STREET
ALEXANDRIA, VA 22314

| EXAMINER |
|---|
| DOUYETTE, KENNETH J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1725 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 04/20/2023 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

docket@maierandmaier.com
maierandmaier_PAIR@firsttofile.com

PTOL-90A (Rev. 04/07)

ATL-EDTX728-0001673

| *Office Action Summary* | Application No. 18/076,882 | Applicant(s) WANG et al. | |
|---|---|---|---|
| | Examiner KENNETH J DOUYETTE | Art Unit 1725 | AIA (FITF) Status Yes |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☑ Responsive to communication(s) filed on <u>4/10/2023</u>.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a) ☐ This action is **FINAL.**  2b) ☑ This action is non-final.

3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims\***

5) ☑ Claim(s) <u>1-30</u> is/are pending in the application.
   5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6) ☐ Claim(s) _____ is/are allowed.

7) ☑ Claim(s) <u>1-4,6-20,22-28 and 30</u> is/are rejected.

8) ☑ Claim(s) <u>5,21 and 29</u> is/are objected to.

9) ☐ Claim(s) _____ are subject to restriction and/or election requirement

\* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

**Application Papers**

10) ☐ The specification is objected to by the Examiner.

11) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    **Certified copies:**
    a) ☐ All   b) ☐ Some\*\*   c) ☐ None of the:
    1. ☐ Certified copies of the priority documents have been received.
    2. ☐ Certified copies of the priority documents have been received in Application No. _____.
    3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

\*\* See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☑ Notice of References Cited (PTO-892)

2) ☑ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date <u>4/10/2023</u>

3) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date _____.

4) ☐ Other: _____.

Application/Control Number: 18/076,882                                                    Page 2
Art Unit: 1725

## DETAILED ACTION

### *Response to Amendment*

1.      Claims 1-30 are pending in the application.  Upon further consideration of the
reference cited in the 4/10/2023 IDS and new search, new rejections have been added.

### *Response to Arguments*

2.      Applicant's arguments with respect to claims 1-30 have been considered but are
moot because the new grounds of rejection do not rely on any reference applied in the
prior rejection of record for any teaching or matter specifically challenged in the
argument.

### *Terminal Disclaimer*

3.      The terminal disclaimer filed on 4/10/2023 disclaiming the terminal portion of any
patent granted on this application which would extend beyond the expiration date of
U.S. Patent No. 10,833,363; U.S. Patent No. 11,522,222; and any U.S. Patent granted
on Application 17/885,915 has been reviewed and is accepted.  The terminal disclaimer
has been recorded.

### *Claim Rejections - 35 USC § 102*

4.      In the event the determination of the status of the application as subject to AIA 35
U.S.C. 102 and 103 (or as subject to pre-AIA 35 U.S.C. 102 and 103) is incorrect, any
correction of the statutory basis for the rejection will not be considered a new ground of

ATL-EDTX728-0001675

Application/Control Number: 18/076,882                                          Page 3
Art Unit: 1725

rejection if the prior art relied upon, and the rationale supporting the rejection, would be

the same under either status.

5.      The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that

form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless –
>
> (a)(1) the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention.

6.      Claims 1-4, 6-7, 12-13, 17-20, 22-28 and 30 are rejected under 35 U.S.C.

102(a)(1) as being anticipated by Hong et al. (CN 106848381, see English Translation).


     Regarding claim 1, Hong et al. discloses an electrolyte ([0007]), comprising a dinitrile

compound ([0015]), a trinitrile compound ([0015]), and propyl propionate ([0013]),

wherein based on a weight of the electrolyte, a weight percentage of the dinitrile

compound is X, a weight percentage of the trinitrile compound is Y, and a weight

percentage of the propyl propionate is Z; wherein about 2.2 wt% $\leq$ (X+Y) $\leq$ about 8 wt%

([0035], P8-9, EMB 2, 18, 25), about 0.1 $\leq$ (X/Y) $\leq$ about 2.3 ([0035], P8-9, EMB 2, 18,

25), about 5 wt% $\leq$ Z $\leq$ about 50 wt% ([0035], P8-9, EMB 2, 18, 25), and about 0.1 $\leq$

(Y/Z) $\leq$ about 0.3 ([0035], P8-9, EMB 2, 18, 25), wherein the dinitrile comprises

adiponitrile ([0015]) and the trinitrile comprises 1,3,6-hexane tricarbonitrile ([0015]), and

the electrolyte further comprises FEC ([0034]-[0035], P8-9).

Application/Control Number: 18/076,882                                    Page 4
Art Unit: 1725

Regarding claim 2, Hong et al. discloses all of the claim limitations as set forth above and also discloses 0.1 ≤ wt% adiponitrile / wt% trinitrile ≤ 2.3 ([0034]-[0035], emb 18, P8-9).

Regarding claim 3, Hong et al. discloses all of the claim limitations as set forth above and also discloses 1,3-propanesultone ([0015]) at an amount between 0.1 wt% and 3 wt% ([0034]-[0035]/P8-9).

Regarding claim 4, Hong et al. discloses all of the claim limitations as set forth above and also discloses 0.1 ≤ X/Y ≤ 2.0 ([0034]-[0035], emb 2, 18, 25, P8-9).

Regarding claim 6, Hong et al. discloses all of the claim limitations as set forth above and also discloses 0.025 ≤ Y/Z ≤ 0.3 ([0034]-[0035], emb 2, 18, 25, P8-9).

Regarding claim 7, Hong et al. discloses all of the claim limitations as set forth above and also discloses X is 0.01 – 10 wt% ([0034]-[0035], emb 2, 18, 25, P8-9), Y is 0.01 – 10 wt% ([0034]-[0035], emb 2, 18, 25, P8-9).

Regarding claim 12, Hong et al. discloses all of the claim limitations as set forth above and also discloses γ-butyrolacetone ([0013]).

Regarding claim 13, Hong et al. discloses an electrochemical device ([0001], [0029]), comprising electrodes ([0029]), and an electrolyte ([0007]), comprising a dinitrile

ATL-EDTX728-0001677

Application/Control Number: 18/076,882                                    Page 5
Art Unit: 1725

compound ([0015]), a trinitrile compound ([0015]), and propyl propionate ([0013]),

wherein based on a weight of the electrolyte, a weight percentage of the dinitrile

compound is X, a weight percentage of the trinitrile compound is Y, and a weight

percentage of the propyl propionate is Z; wherein about 2.2 wt% ≤(X+Y) ≤ about 8 wt%

([0035], P8-9, EMB 2, 18, 25), about 0.1 ≤ (X/Y) ≤ about 2.3 ([0035], P8-9, EMB 2, 18,

25), about 5 wt% ≤ Z ≤ about 50 wt% ([0035], P8-9, EMB 2, 18, 25), (and about 0.1 ≤

(Y/Z) ≤ about 0.3 ([0035], P8-9, EMB 2, 18, 25), wherein the dinitrile comprises

adiponitrile ([0015]) and the trinitrile comprises 1,3,6-hexane tricarbonitrile ([0015]), and

the electrolyte further comprises FEC ([0034]-[0035], P8-9).


Regarding claim 17, Hong et al. discloses all of the claim limitations as set forth

above and also discloses 0.1 ≤ wt% adiponitrile / wt% trinitrile ≤ 2.3 ([0034]-[0035], emb

18, P8-9).


Regarding claim 18, Hong et al. discloses all of the claim limitations as set forth

above and also discloses 1,3-propanesultone ([0015]) at an amount between 0.1 wt%

and 3 wt% ([0034]-[0035]/P8-9).


Regarding claim 19, Hong et al. discloses all of the claim limitations as set forth

above and also discloses X is 0.01 – 10 wt% ([0034]-[0035], emb 2, 18, 25, P8-9), Y is

0.01 – 10 wt% ([0034]-[0035], emb 2, 18, 25, P8-9).

Application/Control Number: 18/076,882                                             Page 6
Art Unit: 1725

Regarding claim 20, Hong et al. discloses all of the claim limitations as set forth
above and also discloses $0.1 \leq X/Y \leq 2.0$ ([0034]-[0035], emb 2, 18, 25, P8-9).

Regarding claim 22, Hong et al. discloses an electrolyte ([0007]), comprising a
dinitrile compound ([0015]), a trinitrile compound ([0015]), and propyl propionate
([0013]), wherein based on a weight of the electrolyte, a weight percentage of the
dinitrile compound is X, a weight percentage of the trinitrile compound is Y, and a
weight percentage of the propyl propionate is Z; wherein about 2.2 wt% $\leq (X+Y) \leq$ about
8 wt% ([0035], P8-9, EMB 2, 18, 25), about $0.1 \leq (X/Y) \leq$ about 6 ([0035], P8-9, EMB 2,
18, 25), about 5 wt% $\leq Z \leq$ about 50 wt% ([0035], P8-9, EMB 2, 18, 25), and about $0.1 \leq$
$(Y/Z) \leq$ about 0.3 ([0035], P8-9, EMB 2, 18, 25), wherein the dinitrile comprises
adiponitrile ([0015]) and the trinitrile comprises 1,3,6-hexane tricarbonitrile ([0015]), and
the electrolyte further comprises FEC ([0034]-[0035], P8-9), the electrolyte further
comprises FEC ([0034]-[0035], P8-9), and 1,3-propanesultone ([0015]) at an amount
between 0.1 wt% and 3 wt% ([0034]-[0035]/P8-9).

Regarding claim 23, Hong et al. discloses all of the claim limitations as set forth
above and also discloses $0.1 \leq$ wt% adiponitrile / wt% trinitrile $\leq 2.3$ ([0034]-[0035], emb
18, P8-9).

Regarding claim 24, Hong et al. discloses all of the claim limitations as set forth
above and also discloses wherein the dinitrile comprises DENE ([0015], DENE is a
synonym of ethylene glycol bis(2-cyanoethyl) ether).

ATL-EDTX728-0001679

Regarding claim 25, Hong et al. discloses all of the claim limitations as set forth above and also discloses X is 0.01 – 10 wt% ([0034]-[0035], emb 2, 18, 25, P8-9), Y is 0.01 – 10 wt% ([0034]-[0035], emb 2, 18, 25, P8-9).

Regarding claim 26, Hong et al. discloses all of the claim limitations as set forth above and also discloses $0.2 \leq X/Y \leq 5$ ([0034]-[0035], emb 2, 18, 25, P8-9).

Regarding claim 27, Hong et al. discloses all of the claim limitations as set forth above and also discloses about 2 wt% $\leq (X+Y) \leq$ about 11 wt% ([0035], P8-9, EMB 2, 18, 25) and $0.2 \leq X/Y \leq 5$ ([0034]-[0035], emb 2, 18, 25, P8-9).

Regarding claim 28, Hong et al. discloses all of the claim limitations as set forth above and also discloses $0.1 \leq X/Y \leq 2.0$ ([0034]-[0035], emb 2, 18, 25, P8-9).

Regarding claim 30, Hong et al. discloses all of the claim limitations as set forth above and also discloses $0.025 \leq Y/Z \leq 0.3$ ([0034]-[0035], emb 2, 18, 25, P8-9).

### *Claim Rejections - 35 USC § 103*

7.        In the event the determination of the status of the application as subject to AIA 35 U.S.C. 102 and 103 (or as subject to pre-AIA 35 U.S.C. 102 and 103) is incorrect, any correction of the statutory basis for the rejection will not be considered a new ground of

rejection if the prior art relied upon, and the rationale supporting the rejection, would be the same under either status.

8.    The following is a quotation of 35 U.S.C. 103 which forms the basis for all obviousness rejections set forth in this Office action:

> A patent for a claimed invention may not be obtained, notwithstanding that the claimed invention is not identically disclosed as set forth in section 102, if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains. Patentability shall not be negated by the manner in which the invention was made.

9.    The factual inquiries for establishing a background for determining obviousness under 35 U.S.C. 103 are summarized as follows:

1. Determining the scope and contents of the prior art.

2. Ascertaining the differences between the prior art and the claims at issue.

3. Resolving the level of ordinary skill in the pertinent art.

4. Considering objective evidence present in the application indicating obviousness or nonobviousness.

10.    This application currently names joint inventors. In considering patentability of the claims the examiner presumes that the subject matter of the various claims was commonly owned as of the effective filing date of the claimed invention(s) absent any evidence to the contrary.  Applicant is advised of the obligation under 37 CFR 1.56 to point out the inventor and effective filing dates of each claim that was not commonly owned as of the effective filing date of the later invention in order for the examiner to consider the applicability of 35 U.S.C. 102(b)(2)(C) for any potential 35 U.S.C. 102(a)(2) prior art against the later invention.

Application/Control Number: 18/076,882                                                    Page 9
Art Unit: 1725

11.    Claims 8-10 are rejected under 35 U.S.C. 103 as being unpatentable over Hong
et al. (CN 106848381, see English Translation) as applied to claim 1 above, and further
in view of Ohashi (US 2017/0324116).

Regarding claims 8-10, Hong et al. discloses all of the claim limitations as set forth
above but does not explicitly disclose the electrolyte further comprises 1,1,2,2-
tetrafluoroethyl-2,2,3,3-tetrafluoropropyl ether.

Ohashi discloses an electrolyte ([0002]) a dinitrile compound ([0070]-[0071]), a
trinitrile compound ([0070]-[0071]), and propyl propionate ([0134]) and a fluoroether
comprising 1,1,2,2-tetrafluoroethyl-2,2,3,3-tetrafluoropropyl ether ([0136]).  This
configuration enhances battery performance at high temperatures and enhances cycle
characteristics ([0027]).

Ohashi and Hong et al. are analogous since both deal in the same field of endeavor,
namely, battery electrolytes.

It would have been obvious to one of ordinary skill in the art at the time of filing to
incorporate the 1,1,2,2-tetrafluoroethyl-2,2,3,3-tetrafluoropropyl ether disclosed by
Ohashi into the electrolyte of Hong et al. to enhance high temperature performance and
cycle characteristics of the battery.


12.    Claim 11 is rejected under 35 U.S.C. 103 as being unpatentable over Hong et al.
(CN 106848381, see English Translation) as applied to claim 1 above, and further in
view of Zhang et al. (US 2017/0317385).

Regarding claim 11, Hong et al. discloses all of the claim limitations as set forth
above but does not explicitly disclose a cyclic phosphonic anhydride at 0.01 – 10 wt%.

ATL-EDTX728-0001682

Application/Control Number: 18/076,882                                           Page 10
Art Unit: 1725

Zhang et al. discloses a battery ([0008]) including an electrolyte ([0008]) comprising a cyclic phosphonic anhydride ([0043]) at 0.05 – 10 wt% ([0089]). Adding these compounds enhances battery stability and cycle life ([0090], [0101], [0103], [0114], [0115]).

Zhang et al. and Hong et al. are analogous since both deal in the same field of endeavor, namely, battery electrolytes.

It would have been obvious to one of ordinary skill in the art at the time of filing to incorporate the amount of cyclic phosphonic anhydride disclosed by Zhang et al. into the electrolyte of Ohashi to enhance battery stability and cycle life, thereby enhancing overall battery performance.


13.    Claims 14-16 are rejected under 35 U.S.C. 103 as being unpatentable over Hong et al. (CN 106848381, see English Translation) as applied to claim 13 above, in view of Ohashi (US 2017/0324116).

Regarding claims 14-16, Hong et al. discloses all of the claim limitations as set forth above and also discloses the electrode comprises a current collector ([0027], [0028]) that is coated on two surfaces ([0027], [0028]) but does not explicitly disclose one side is coated only and the cathode electrode has a density of 4.2 g/cm3 and an anode electrode has a density of 1.3 g/cm3, and associated ratios of the densities two electrodes.

Ohashi discloses a battery having cathode and anode electrodes formed on current collectors coating one side ([0181], [0217], [0214], [0218]), the cathode having a density of 4.2 g/cm3 ([0217]) and the anode having a density of 1.3 g/cm3 ([0181]). This

ATL-EDTX728-0001683

Application/Control Number: 18/076,882                                      Page 11
Art Unit: 1725

configuration enhances battery capacity and overall performance ([0027], [0214]-

[0218]).

 Ohashi and Hong et al. are analogous since both deal in the same field of endeavor,

namely, battery electrolytes.

 It would have been obvious to one of ordinary skill in the art at the time of filing to

incorporate the cathode and anode of Hong et al. as having the coating and density

disclosed by Ohashi to enhance battery capacity and overall performance.


### Double Patenting

14.    The nonstatutory double patenting rejection is based on a judicially created

doctrine grounded in public policy (a policy reflected in the statute) so as to prevent the

unjustified or improper timewise extension of the "right to exclude" granted by a patent

and to prevent possible harassment by multiple assignees. A nonstatutory double

patenting rejection is appropriate where the conflicting claims are not identical, but at

least one examined application claim is not patentably distinct from the reference

claim(s) because the examined application claim is either anticipated by, or would have

been obvious over, the reference claim(s). See, e.g., *In re Berg*, 140 F.3d 1428, 46

USPQ2d 1226 (Fed. Cir. 1998); *In re Goodman*, 11 F.3d 1046, 29 USPQ2d 2010 (Fed.

Cir. 1993); *In re Longi*, 759 F.2d 887, 225 USPQ 645 (Fed. Cir. 1985); *In re Van Ornum*,

686 F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Vogel*, 422 F.2d 438, 164 USPQ 619

(CCPA 1970); *In re Thorington*, 418 F.2d 528, 163 USPQ 644 (CCPA 1969).

 A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) or 1.321(d)

may be used to overcome an actual or provisional rejection based on nonstatutory

Application/Control Number: 18/076,882                                     Page 12
Art Unit: 1725

double patenting provided the reference application or patent either is shown to be commonly owned with the examined application, or claims an invention made as a result of activities undertaken within the scope of a joint research agreement. See MPEP § 717.02 for applications subject to examination under the first inventor to file provisions of the AIA as explained in MPEP § 2159. See MPEP § 2146 *et seq.* for applications not subject to examination under the first inventor to file provisions of the AIA. A terminal disclaimer must be signed in compliance with 37 CFR 1.321(b).

The USPTO Internet website contains terminal disclaimer forms which may be used. Please visit www.uspto.gov/patent/patents-forms. The filing date of the application in which the form is filed determines what form (e.g., PTO/SB/25, PTO/SB/26, PTO/AIA/25, or PTO/AIA/26) should be used. A web-based eTerminal Disclaimer may be filled out completely online using web-screens. An eTerminal Disclaimer that meets all requirements is auto-processed and approved immediately upon submission. For more information about eTerminal Disclaimers, refer to www.uspto.gov/patents/process/file/efs/guidance/eTD-info-I.jsp.

15.     Claims 1-2, 4-17, and 19-30 are provisionally rejected on the ground of nonstatutory double patenting as being unpatentable over claims 1-20 of copending Application No. 17/885,920 (reference application). Although the claims at issue are not identical, they are not patentably distinct from each other because the claims of the '920 application anticipate the instant claims. Further, regarding the ranges / ratios of the individual compounds relative to each other, it would have been obvious to one of ordinary skill in the art at the time of invention to have selected the overlapping portion of the ranges disclosed by the reference because selection of overlapping portion of

ATL-EDTX728-0001685

ranges has been held to be a prima facie case of obviousness. *In re Malagari*, 182 USPQ 549.

This is a provisional nonstatutory double patenting rejection because the patentably indistinct claims have not in fact been patented.

16.    Claims 1-30 are provisionally rejected on the ground of nonstatutory double patenting as being unpatentable over claims 1-40 of copending Application No. 17/990,626 (reference application). Although the claims at issue are not identical, they are not patentably distinct from each other because the claims of the '626 application anticipate the instant claims. Further, regarding the ranges / ratios of the individual compounds relative to each other, it would have been obvious to one of ordinary skill in the art at the time of invention to have selected the overlapping portion of the ranges disclosed by the reference because selection of overlapping portion of ranges has been held to be a prima facie case of obviousness. *In re Malagari*, 182 USPQ 549.

This is a provisional nonstatutory double patenting rejection because the patentably indistinct claims have not in fact been patented.

17.    Claims 1-30 are provisionally rejected on the ground of nonstatutory double patenting as being unpatentable over claims 1-41 of copending Application No. 17/990,641 (reference application). Although the claims at issue are not identical, they are not patentably distinct from each other because the claims of the '641 application anticipate the instant claims. Further, regarding the ranges / ratios of the individual compounds relative to each other, it would have been obvious to one of ordinary skill in

Application/Control Number: 18/076,882                                         Page 14
Art Unit: 1725

the art at the time of invention to have selected the overlapping portion of the ranges disclosed by the reference because selection of overlapping portion of ranges has been held to be a prima facie case of obviousness. *In re Malagari*, 182 USPQ 549.

This is a provisional nonstatutory double patenting rejection because the patentably indistinct claims have not in fact been patented.

### *Allowable Subject Matter*

18.    Claims 5, 21, and 29 are objected to as being dependent upon a rejected base claim, but would be allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims.

19.    The following is a statement of reasons for the indication of allowable subject matter: Instant dependent claims 5, 21, and 29 each disclose a specific range of propyl propionate among a mixture of other compounds within the electrolytes from which they depend.

Hong et al. discloses propyl propionate in an amount that is in between the two claimed ranges of the instant claims, and thus it falls outside of the scope of the claims. None of the other cited references disclose a reason to adjust an electrolyte to comprise all of the compounds in the ranges as set forth in the instant claims. As such, these limitations are found allowable over the cited prior art references of record.

Application/Control Number: 18/076,882                                    Page 15
Art Unit: 1725

### *Conclusion*

20.     Any inquiry concerning this communication or earlier communications from the
examiner should be directed to KENNETH J DOUYETTE whose telephone number is
(571)270-1212. The examiner can normally be reached Monday - Friday 8A - 4P EST.

Examiner interviews are available via telephone, in-person, and video
conferencing using a USPTO supplied web-based collaboration tool. To schedule an
interview, applicant is encouraged to use the USPTO Automated Interview Request
(AIR) at http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's
supervisor, Basia Ridley can be reached on 571-272-1453. The fax phone number for
the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of published or unpublished applications may be
obtained from Patent Center. Unpublished application information in Patent Center is
available to registered users. To file and manage patent submissions in Patent Center,
visit: https://patentcenter.uspto.gov. Visit https://www.uspto.gov/patents/apply/patent-
center for more information about Patent Center and
https://www.uspto.gov/patents/docx for information about filing in DOCX format. For
additional questions, contact the Electronic Business Center (EBC) at 866-217-9197
(toll-free). If you would like assistance from a USPTO Customer Service
Representative, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/KENNETH J DOUYETTE/
Primary Examiner, Art Unit 1725

ATL-EDTX728-0001688

**IN THE UNITED STATES PATENT & TRADEMARK OFFICE**

| | |
|---|---|
| *In re* Patent Application of: NINGDE AMPEREX TECHNOLOGY LIMITED | Confirmation No.: 9491 |
| | Art Unit: 1725 |
| U.S. Patent Application No.: 18/076,882 | Examiner: KENNETH J DOUYETTE |
| Filed: December 7, 2022 | Attorney Docket No.: 14850089COC |
| Title: ELECTROLYTE AND ELECTROCHEMICAL DEVICE | |

**<u>RESPONSE</u>**

Commissioner for Patents                                                       April 10, 2023
P.O. Box 1450
Alexandria, VA 22313-1450

Dear Sir:

  In response to the Office Action mailed March 3, 2023, Applicant respectfully requests reconsideration of the Application in view of the following Remarks.

  **Remarks** follow the above-mentioned amendments.

ATL-EDTX728-0001748

Application No.: 18/076,882
Attorney Docket No.: 14850089COC
Response to Office Action of March 3, 2023

## REMARKS

Favorable reconsideration of this Application, in light of the following discussion, is respectfully requested. Claims 1-30 were originally presented. Accordingly, claims 1-30 are pending in the present Application. Applicant submits that upon entry of the present Response, claims 1-30 are in condition for allowance. Moreover, the Applicant submits that no new matter has been introduced by the foregoing amendments.

### Allowable Subject Matter

The outstanding Office Action indicates that claims 1-2, 4-17 and 18-30 would be allowed if the double patenting rejections were overcome. Claims 3 and 18 objected to as being dependent upon a rejected base claim, but would be allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims.

Applicant acknowledges with appreciation the indication of allowable subject matter. In response, a terminal disclaimer has been filed with respect to U.S. Patent No. 10,833,363, U.S. Patent No. 11,522,222, and copending Application No. 17/885,915, and, thus, all claims 1-30 are allowable.

### Double Patenting

In the outstanding Office Action, claims 1-2, 4-17, and 19-30 stand rejected under the judicially created doctrine of non-statutory double patenting as being unpatentable over claims 1-16 of U.S. Patent No. 10,833,363.

In the outstanding Office Action, claims 1-2, 4-17, and 19-30 stand rejected under the judicially created doctrine of non-statutory double patenting as being unpatentable over claims 1-16 of U.S. Patent No. 11,522,222.

In the outstanding Office Action, claims 1-2, 4-17, and 19-30 stand rejected under the judicially created doctrine of non-statutory double patenting as being unpatentable over claims 1-15, 17, and 19 of copending Application No. 17/885,915.

2

ATL-EDTX728-0001749

Application No.:  18/076,882
Attorney Docket No.:  14850089COC
Response to Office Action of March 3, 2023

With this correspondence, Applicant has submitted a terminal disclaimer to overcome these rejections. Accordingly, Applicant respectfully requests the withdrawal of this double patenting rejection of claims 1-2, 4-17, and 19-30

Applicant notes that "[t]he filing of a terminal disclaimer to obviate a rejection based on nonstatutory double patenting is not an admission of the propriety of the rejection [because] the filing of a terminal disclaimer simply serves the statutory function of removing the rejection of double patenting, and raises neither a presumption nor estoppels on the merits of the rejection" (MPEP §804.02.II, citations omitted). Hence, the terminal disclaimer included with this reply serves the statutory function of removing the double patenting rejection without raising a presumption or estoppels on the merits of the rejection.

ATL-EDTX728-0001750

Application No.:  18/076,882
Attorney Docket No.:  14850089COC
Response to Office Action of March 3, 2023

## CONCLUSION

Consequently, in light of the above discussion, the outstanding grounds of rejection are believed to have been overcome.  The Application, as amended, is believed to be in condition of allowance.  An early and favorable action to that effect is respectfully requested.

Respectfully submitted,

/Timothy J. Maier/
Timothy J. Maier
Attorney of Record
Reg. No. 51,986

Maier & Maier, PLLC
345 South Patrick Street
Alexandria, Virginia 22314
(703) 740-8322
Customer No. 62008

TJM/mae/RAM/bks

April 10, 2023

Attachments:
    eTerminal Disclaimer
    IDS

4

ATL-EDTX728-0001751

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/076,882 | 12/07/2022 | Kefei WANG | 14850089COC | 9491 |

62008          7590          03/03/2023
MAIER & MAIER, PLLC
345 SOUTH PATRICK STREET
ALEXANDRIA, VA 22314

| EXAMINER |
|---|
| DOUYETTE, KENNETH J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1725 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 03/03/2023 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

docket@maierandmaier.com
maierandmaier_PAIR@firsttofile.com

PTOL-90A (Rev. 04/07)

ATL-EDTX728-0001772

| *Office Action Summary* | Application No. 18/076,882 | Applicant(s) WANG et al. | |
|---|---|---|---|
| | Examiner KENNETH J DOUYETTE | Art Unit 1725 | AIA (FITF) Status Yes |

-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☐ Responsive to communication(s) filed on _____.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a) ☐ This action is **FINAL.**    2b) ☑ This action is non-final.

3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☑ Claim(s) <u>1-30</u> is/are pending in the application.
   5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6) ☐ Claim(s) _____ is/are allowed.

7) ☑ Claim(s) <u>1-2,4-17 and 19-30</u> is/are rejected.

8) ☑ Claim(s) <u>3 and 18</u> is/are objected to.

9) ☐ Claim(s) _____ are subject to restriction and/or election requirement

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

**Application Papers**

10) ☐ The specification is objected to by the Examiner.

11) ☑ The drawing(s) filed on <u>12/7/2022</u> is/are: a)☑ accepted or b)☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12) ☑ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    **Certified copies:**
    a)☑ All    b)☐ Some**    c)☐ None of the:
      1. ☑ Certified copies of the priority documents have been received.
      2. ☐ Certified copies of the priority documents have been received in Application No. _____.
      3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☑ Notice of References Cited (PTO-892)

2) ☑ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date <u>12/7/2022</u>.

3) ☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date _____.

4) ☐ Other: _____.

ATL-EDTX728-0001773

Application/Control Number: 18/076,882                                      Page 2
Art Unit: 1725

## DETAILED ACTION

### *Notice of Pre-AIA or AIA Status*

1.      The present application, filed on or after March 16, 2013, is being examined under the first inventor to file provisions of the AIA.

### *Double Patenting*

2.      The nonstatutory double patenting rejection is based on a judicially created doctrine grounded in public policy (a policy reflected in the statute) so as to prevent the unjustified or improper timewise extension of the "right to exclude" granted by a patent and to prevent possible harassment by multiple assignees. A nonstatutory double patenting rejection is appropriate where the conflicting claims are not identical, but at least one examined application claim is not patentably distinct from the reference claim(s) because the examined application claim is either anticipated by, or would have been obvious over, the reference claim(s). See, e.g., *In re Berg*, 140 F.3d 1428, 46 USPQ2d 1226 (Fed. Cir. 1998); *In re Goodman*, 11 F.3d 1046, 29 USPQ2d 2010 (Fed. Cir. 1993); *In re Longi*, 759 F.2d 887, 225 USPQ 645 (Fed. Cir. 1985); *In re Van Ornum*, 686 F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Vogel*, 422 F.2d 438, 164 USPQ 619 (CCPA 1970); *In re Thorington*, 418 F.2d 528, 163 USPQ 644 (CCPA 1969).

A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) or 1.321(d) may be used to overcome an actual or provisional rejection based on nonstatutory double patenting provided the reference application or patent either is shown to be commonly owned with the examined application, or claims an invention made as a

result of activities undertaken within the scope of a joint research agreement. See

MPEP § 717.02 for applications subject to examination under the first inventor to file

provisions of the AIA as explained in MPEP § 2159. See MPEP § 2146 *et seq.* for

applications not subject to examination under the first inventor to file provisions of the

AIA. A terminal disclaimer must be signed in compliance with 37 CFR 1.321(b).

 The USPTO Internet website contains terminal disclaimer forms which may be

used. Please visit www.uspto.gov/patent/patents-forms. The filing date of the application

in which the form is filed determines what form (e.g., PTO/SB/25, PTO/SB/26,

PTO/AIA/25, or PTO/AIA/26) should be used. A web-based eTerminal Disclaimer may

be filled out completely online using web-screens. An eTerminal Disclaimer that meets

all requirements is auto-processed and approved immediately upon submission. For

more information about eTerminal Disclaimers, refer to

www.uspto.gov/patents/process/file/efs/guidance/eTD-info-I.jsp.

3. Claims 1-2, 4-17 and 19-30 are rejected on the ground of nonstatutory double

patenting as being unpatentable over claims 1-16 of U.S. Patent No. US 10,833,363.

Although the claims at issue are not identical, they are not patentably distinct from each

other because the claims of the '363 patent anticipate the instant claims. Further

regarding the ranges / ratios of the individual compounds relative to each other, it would

have been obvious to one of ordinary skill in the art at the time of invention to have

selected the overlapping portion of the ranges disclosed by the reference because

selection of overlapping portion of ranges has been held to be a prima facie case of

obviousness. *In re Malagari*, 182 USPQ 549.

Application/Control Number: 18/076,882                                      Page 4
Art Unit: 1725

4.      Claims 1-2, 4-17 and 19-30 are rejected on the ground of nonstatutory double

patenting as being unpatentable over claims 1-16 of U.S. Patent No. US 11,522,222.

Although the claims at issue are not identical, they are not patentably distinct from each

other because the claims of the '222 patent anticipate the instant claims. Further

regarding the ranges / ratios of the individual compounds relative to each other, it would

have been obvious to one of ordinary skill in the art at the time of invention to have

selected the overlapping portion of the ranges disclosed by the reference because

selection of overlapping portion of ranges has been held to be a prima facie case of

obviousness. *In re Malagari*, 182 USPQ 549.


5.      Claims 1-2, 4-17 and 19-30 provisionally rejected on the ground of nonstatutory

double patenting as being unpatentable over claims 1-15, 17 and 19 of copending

Application No. 17/885,915 (reference application). Although the claims at issue are not

identical, they are not patentably distinct from each other because the claims of the '915

patent application anticipate the instant claims. Further regarding the ranges / ratios of

the individual compounds relative to each other, it would have been obvious to one of

ordinary skill in the art at the time of invention to have selected the overlapping portion

of the ranges disclosed by the reference because selection of overlapping portion of

ranges has been held to be a prima facie case of obviousness. *In re Malagari*, 182

USPQ 549.

        This is a provisional nonstatutory double patenting rejection because the

patentably indistinct claims have not in fact been patented.

Application/Control Number: 18/076,882                                      Page 5
Art Unit: 1725

### Allowable Subject Matter

6.      Claims 1-2, 4-17 and 18-30 would be allowed if the above double patenting rejections were overcome.


7.      The following is a statement of reasons for the indication of allowable subject matter: Instant independent claims 1, 13, and 22 each disclose electrolytes comprising a number of distinct organic compounds, including specific dinitriles, specific trinitriles, and propyl propionate in distinct ratios and amounts relative to one another as well as other organic compound additives in specific amounts.


A number of prior art references were found that disclose organic electrolytes that are pertinent to the instant claims:


Ohashi (US 2017/0324116) discloses an electrolyte ([0002]) a dinitrile compound ([0070]-[0071]), a trinitrile compound ([0070]-[0071]), and propyl propionate ([0134]), with a total amount of the dinitrile and trinitrile compounds is 5% ([0072]). This configuration enhances cycle characteristics, thereby enhancing overall battery performance ([0072]).


Odani et al. (US 2009/0061325) discloses in Figs 1-12, a battery (Abstract) including an electrolyte ([0086]) including bis (fluoromethyl) carbonate ([0092]). This configuration enhances cycle characteristics, thereby enhancing overall battery performance ([0011], [0012], [0092]).

ATL-EDTX728-0001777

Application/Control Number: 18/076,882                                                    Page 6
Art Unit: 1725

Zhang et al. (US 2017/0346127) discloses in Fig 1, a battery (Abstract) including an electrolyte ([0435]) including a trinitrile compound including 1,3,5-pentanetricarbonitrile, and/or 1,2,3-tris(2-cyanoethoxy)propane ([0444]). This configuration enhances battery capacity and cycle characteristics while also suppressing internal resistance, enhancing overall battery performance ([0025], [0026], [0098], [0444]).

Zhang et al. (US 2017/0317385) discloses a battery ([0008]) including an electrolyte ([0008]) comprising a cyclic phosphonic anhydride ([0043]) at $0.05 - 10$ wt% ([0089]). Adding these compounds enhances battery stability and cycle life ([0090], [0101], [0103], [0114], [0115]).

Kim et al. (US 2017/0069934) discloses in Figs 1-8, a battery (ref 100) including an electrolyte ([0030]) comprising gamma-butyrolacetone or gamma-valerolacetone ([0038], all listed). Adding these compounds enhances battery capacity and cycle life ([0038]).

Wang et al. (US 2017/0346136) discloses a battery (Abstract) including an electrolyte comprising 1,3,5-pentanetricarbonitrile and/or 1,2,3-propanetricarbonitrile ([0059]).

Ohtaniuchi et al. (US 2012/0313570) discloses in Figs 1-7, a battery (Abstract) including an electrolyte ([0107]) including a trinitrile compound including 1,2,3-tris(2-cyanoethoxy)propane ([0107]).

Application/Control Number: 18/076,882                                                                 Page 7
Art Unit: 1725

Li (US 2015/0140446) discloses in Fig 1, a battery ([0001]) including an electrolyte comprising a mix of organic compounds including dinitriles and propyl propionate in distinct ratios within the electrolyte ([0025]-[0027]).

Yamada et al. (US 2011/0311864) discloses a battery (Abstract) including an electrolyte comprising 1,3,5-pentanetricarbonitrile and/or 1,2,3-propanetricarbonitrile ([0041]).

However, as seen above, none of the above references, alone or in any combination, disclose nor render obvious all of the instant claim limitations. The combination of organic compounds in the respective claimed amounts and ratios with the additives as set forth in the claims is found to be distinct over the cited prior art references. Therefore, these claims would be allowable if the above double patenting rejections were overcome.

8.      Claims 3 and 18 objected to as being dependent upon a rejected base claim, but would be allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims.

9.      The following is a statement of reasons for the indication of allowable subject matter: Instant dependent claims 3 and 18 each disclose specific propane sultone compound in a distinct amount with the electrolyte compounds of the instant claims.

Application/Control Number: 18/076,882                                                    Page 8
Art Unit: 1725

These claims would be allowable for the reasons as set forth above if the above double

patenting rejections were overcome.


### *Conclusion*

10.      Any inquiry concerning this communication or earlier communications from the

examiner should be directed to KENNETH J DOUYETTE whose telephone number is

(571)270-1212. The examiner can normally be reached Monday - Friday 8A - 4P EST.

Examiner interviews are available via telephone, in-person, and video

conferencing using a USPTO supplied web-based collaboration tool. To schedule an

interview, applicant is encouraged to use the USPTO Automated Interview Request

(AIR) at http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Basia Ridley can be reached on 571-272-1453. The fax phone number for

the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of published or unpublished applications may be

obtained from Patent Center. Unpublished application information in Patent Center is

available to registered users. To file and manage patent submissions in Patent Center,

visit: https://patentcenter.uspto.gov. Visit https://www.uspto.gov/patents/apply/patent-

center for more information about Patent Center and

https://www.uspto.gov/patents/docx for information about filing in DOCX format. For

additional questions, contact the Electronic Business Center (EBC) at 866-217-9197

(toll-free). If you would like assistance from a USPTO Customer Service

Representative, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/KENNETH J DOUYETTE/
Primary Examiner, Art Unit 1725