## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| NINGDE AMPEREX TECHNOLOGY LIMITED, | § § § | |
| *Plaintiff,* | § § § | |
| v. | § § | CIVIL ACTION NO. 2:24-CV-00728-JRG |
| ZHUHAI COSMX BATTERY CO., LTD., | § § § | |
| *Defendant.* | § § § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is the Second Motion for Leave to Supplement Infringement Contentions (the "Motion") filed by Plaintiff Ningde Amperex Technology Limited ("Plaintiff" or "ATL"). (Dkt. No. 174.) Having considered the Motion, the Court finds that it should be and hereby is **GRANTED-IN-PART** and **DENIED-IN-PART**.

### I.    BACKGROUND

Plaintiff previously moved for leave to supplement its infringement contentions on October 10, 2025. (Dkt. No. 81, the "First Motion.") The Court set a hearing on the First Motion, along with other outstanding motions in the above-captioned case, for January 1, 2026. (Dkt. No. 121.) At the meet and confer prior to this hearing, Defendant Zhuhai CosMX Battery Co., Ltd. ("Defendant," or "CosMX") ultimately withdrew its opposition to Plaintiff's First Motion, and the First Motion was granted by agreement. (*See* Dkt. No. 149.)

Plaintiff then filed the instant Motion, seeking to supplement its infringement contentions for a second time, on February 17, 2026. (Dkt. No. 174, the "Second Motion.") That date was also the final day of fact discovery in this case. (Dkt. No. 172.)

## II.    LEGAL AUTHORITY

Any amendment or supplementation of infringement contentions that is not expressly permitted by P.R. 3-6(a) is permitted only by order of the Court upon a showing of good cause. *See* P.R. 3-6(b). The Court considers four factors to determine whether good cause exists: "(1) the reason for the delay and whether the party has been diligent; (2) the importance of what the court is excluding and the availability of lesser sanctions; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *KAIST IP US LLC v. Samsung Electronics Co., Ltd.*, No. 2:16-cv-01314-JRG-RSP, 2018 WL 1806765, at *2 (E.D. Tex. Apr. 17, 2018) (internal citations omitted).

Diligence is a prerequisite for showing that there is good cause to amend. *See, e.g., WellcomeMat LLC v. Aylo Holdings S.à r.l*, No. 2:23-cv-00483-JRG-RSP, 2024 WL 3586431, at *1 (E.D. Tex. July 29, 2024) ("'Good cause,' according to the Federal Circuit, 'requires a showing of diligence.'") (citing *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006)).

## III.    ANALYSIS

Plaintiff seeks to amend its infringement contentions via the Second Motion to make the following updates: "(1) disclosure of a doctrine of equivalents infringement theory of infringement for the '498 Patent… (2) inclusion of additional infringing products for the '118 and '148 Patents… and (3) correction of the compaction density calculations concerning infringement of the '118 Patent." (Dkt. No. 174 at 3-4.)

### A.  Doctrine of Equivalents ("DOE")

Plaintiff asserts that good cause supports this amendment because Defendant did not identify a noninfringement position which necessitated this DOE infringement theory until January 24,

2

2026. (*Id*. at 5.) Defendant responds that "[n]either the language of the '498 patent nor CosMX's use and placement of tape has changed since ATL served its original contentions or ATL's previous requests for leave to amend." (Dkt. No. 191 at 9.) Defendant further asserts that Plaintiff has had documents "clearly stating that the tape is not pasted on the cathode" (Defendant's noninfringement position) since February 11, 2025, and Plaintiff has cited those documents in its earlier contentions. (*Id*.)

In light of these representations from Defendant that Plaintiff has had access to the information it needed to assert its DOE theory since February 11, 2025—long before Plaintiff filed the First Motion—the Court finds that Plaintiff has not been sufficiently diligent and its request to supplement its contentions to include this DOE theory now is **DENIED**.

### B.  Additional Infringing Products

Plaintiff seeks to accuse new infringing products for both the '118 and '148 Patents. For the '148 Patent, Plaintiff seeks to identify sixteen (16) new CosMX battery models and include the test results which demonstrate infringement. (Dkt. No. 174 at 7.) For the '118 Patent, Plaintiff seeks to include both (1) additional cells that fit into Plaintiff's previously disclosed lithium iron phosphate ("LFP") "primer" coating infringement theory, and (2) newly identified cells having a different primer coating including what Defendant internally designates as "TC002." (*Id*. at 11.)

Plaintiff asserts that it has been diligent in identifying these additional products it seeks to assert because it spent around three months completing time-consuming testing of samples from Defendant, and that it did not receive these test results until January 22, 2026 (for the '148 Patent) and throughout December 2025 and January 2026 (for the '118 Patent). (*Id*. at 9, 11.)

Defendant responds that when Plaintiff previously moved for leave to amend, it represented that the '148 Patent testing only took approximately three weeks. (Dkt. No. 191 at 7.) Defendant

adds that regardless, the timeline Plaintiff presents here suggests that more than five months passed between when Plaintiff received the relied-upon '148 sample and when it filed the Motion. (*Id*. at 7-8.) For the '118 Patent, Defendant asserts that Plaintiff has not been diligent regarding the newly-added LFP "primer" coating products, since Plaintiff already accused cells containing this coating in its First Motion, and that Plaintiff has not been diligent regarding the TC002 products, since Plaintiff received the information it needed from samples produced five months ago, on September 9, 2025. (*Id*. at 10-11.)

Plaintiff next asserts that including these products in its case is important, and that Defendant will suffer little to no prejudice if these products are added to its infringement contentions such that no continuance is necessary. Plaintiff argues that there is no prejudice since Defendant manufacturers these products, so it has full information on their design and operation, and that any prejudice based on delay is the fault of Defendant itself due to the rolling basis on which it produced product samples. (Dkt. No. 174 at 10.)

Defendant responds that Plaintiff's Motion seeking to add over 150 new products on the final day of fact discovery is highly prejudicial, particularly because the Second Motion "is predicated on the claim that testing necessary to determine infringement (or noninfringement) takes at least three months… and rebuttal expert reports are due in under three weeks" such that there is "insufficient time for CosMX to produce its own testing of the newly accused products." (Dkt. No. 191 at 12.) Defendant further asserts that the alleged importance of the amendments do not outweigh this prejudice, and that a continuance would be required to allow Defendant to analyze and test the newly accused products to cure any such prejudice. (*Id*. at 14-15.)

The Court finds that Plaintiff's late request to add such a large volume of accused products to this case, with no time for Defendant to conduct the same testing in response, is not supported by

4

good cause. Accordingly, Plaintiff's request for leave to amend its contentions to include these additional infringing products is **DENIED**.

### C. Compaction Density Calculations

Defendant's responsive brief states that "CosMX disagrees with those calculations, but for purposes of this motion does not oppose ATL's changes to the calculations for the cells that ATL previously disclosed in its first amended contentions." (Dkt. No. 191 at 4-5.) Accordingly, this request by Plaintiff is **GRANTED** as unopposed.

### IV.    CONCLUSION

For the reasons stated herein, Plaintiff's Second Motion for Leave to Supplement Infringement Contentions (Dkt. No. 174) is **GRANTED-IN-PART** and **DENIED-IN-PART** as set forth above.[1] Plaintiff is **ORDERED** to supplement its infringement contentions to include the proposed changes to the compaction density calculations concerning infringement of the '118 Patent, for cells previously disclosed in Plaintiff's first amended infringement contentions.

**So ORDERED and SIGNED this 31st day of March, 2026.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[1] For reference, the First Motion (Dkt. No. 81) was granted by agreement (*see* Dkt. No. 149).

5