# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| NINGDE AMPEREX TECHNOLOGY LIMITED, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 2:24-CV-00728-JRG |
| ZHUHAI COSMX BATERY CO., LTD., | § § | |
| *Defendant.* | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Strike Defendant's Second Amended Invalidity Contentions (the "Motion") filed by Plaintiff Ningde Amperex Technology Limited ("Plaintiff," or "ATL")  (the "Motion"). (Dkt. No. 173.) Having considered the portions of the Motion which remain outstanding, the Court finds that they should be and hereby are **DENIED**.[1]

### I.      BACKGROUND

Defendant Zhuhai CosMX Battery Co. Ltd.'s ("Defendant," or "CosMX") reliance on materials and devices it acquired on the open market and destructively tested have been the subject of multiple motions by Plaintiff, in this action and the prior litigation between these same Parties. (*See, e.g.*, Dkt. No. 132; *see also* 2:22-cv-00232-JRG.) To resolve previous disputes regarding Defendant's Invalidity Contentions in the above-captioned case, the Parties had previously agreed Defendant could serve its Second Amended Contentions on January 30, 2026. (Dkt. No. 173 at 1.)

---

[1] The Court does not overrule the agreements reached by the Parties; these sections of the Motion are **GRANTED BY AGREEMENT**.

The instant Motion followed on February 17, 2026—the date of the close of fact discovery for this case.

The Court held a hearing on this Motion, along with other outstanding disputes, on March 6, 2026. (Dkt. No. 198.) At this hearing, the Parties read into the record an agreement that "CosMX will not rely on a number of cells, specifically CA475778G, CA485778G, CA4735A6G, CA3367E0G, CA485490HV-Q1, CA583864HV-S8, CA595490HV-A85, as well as CosMX's physical samples 35.1 and 35.2, or their associated test data at trial for invalidity." (*Id*. at 6-7.) The Parties clarified that what remains outstanding in the Motion following this agreement is "the motion to strike the CA3270C4G found in the ASUS laptop from CosMX's invalidity contentions." (*Id*. at 7.)

## II.    ANALYSIS

Plaintiff asserts that Defendant has "destroyed important physical evidence that it was under a legal duty to preserve," such that Defendant's reliance on the Model CA3270C4G found within an ASUS laptop should be stricken from Defendant's Invalidity Contentions. (Dkt. No. 173 at 1.) Plaintiff makes this allegation of Defendant engaging in "spoilation" based on destructive testing Defendant conducted of the CA3270C4G cell from the ASUS laptop, which made it so that Plaintiff could not itself test the same specific battery cell. (*Id*. at 12.)

Defendant responds that "there is no rule requiring… joint participation, ATL cites none, and this Court held to the contrary in the previous case [between these same Parties]." (Dkt. No. 190 at 2.) Defendant further responds that Plaintiff's position is "hypocritical," as it also relies on "'unilateral' teardowns and testing ATL performed on accused products without affording CosMX the opportunity to participate," such that any striking of its Invalidity Contentions on this basis should apply to Plaintiff's contentions as well. (*Id*. at 2.)

Defendant acquired this laptop on the open market, for litigation purposes, and had the CA3270C4G battery cell tested by experts to make determinations regarding its invalidity defenses. The laptop was "not relevant until CosMX acquired [it], evaluated [its] potential use as prior art, and determined, with its experts, to rely on [it] to support invalidity defenses." (*Id*. at 8.) The Court agrees with Defendant that this is "standard practice in patent litigation, not spoilation." (*Id*.) Accordingly, the Motion to strike Defendant's Invalidity Contentions relying on the Model CA3270C4G cell inside the ASUS laptop is **DENIED**.

### III.    CONCLUSION

For the reasons stated herein, the portion of the Motion which remained in dispute following the Parties' stipulations on the record at the March 6, 2026 hearing—concerning the CA3270C4G inside the ASUS laptop—is **DENIED**. The other portions of the Motion which the Parties resolved are **GRANTED BY AGREEMENT**. As a result, the Motion is fully disposed of and the Clerk may consider it ruled upon and no longer pending.

   **So ORDERED and SIGNED this 31st day of March, 2026.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE